### PHEBE MASON *vs.* JAMES MASON.

### Washington. Decided February 6, 1878.

*Mortgage.*

An agreement that a mortgager may retain possession of the mortgaged property until breach of condition, is not implied from a conditional clause in the mortgage, which requires the mortgager to furnish a comfortable home for the mortgagee and to furnish him necessaries and support during his natural life.

An action for the possession of land by a mortgagee cannot be defeated by showing that nothing was then due upon the mortgage, unless the entire conditions of the mortgage have been satisfied and performed.

ON EXCEPTIONS.

WRIT OF ENTRY, on mortgage of house and lot in Calais, dated September 29, 1873. The condition of the mortgage is:

" Provided nevertheless that if the said James Mason, his heirs, executors or administrators, shall provide a comfortable home, with sufficient food and clothing and medical attendance, nursing and all other things necessary to make the said Hugh and Phebe Mason comfortable during their natural life, then this deed, as also a promissory note for twelve hundred dollars, bearing even date with these presents, signed by the said James Mason, whereby he promises to pay the said Hugh and Phebe as conditioned aforesaid, shall be absolutely void to all intents and purposes."

The plea was *nul disseizin*, with a brief statement, under which the defendant offered to prove that the plaintiff and her husband, who was also a mortgagee, both at the time of the mortgage and after, selected the mortgaged premises as their home, and remained in possession and with the defendant, until the death of the husband; that she declared she had been well used and was perfectly satisfied; that she left the premises without any substantial reason and against the remonstrance of the defendant; that the defendant was and has been ready and willing to perform the condition of the mortgage; that there would be great and unnecessary expense in providing a home and complying with the conditions at any other place than that originally selected by the plaintiff; that the place where she now lives

is five miles distant from the place first selected, and that to furnish a home and support there would cause great and needless expense.

The presiding justice ruled that this evidence would not be sufficient to constitute a defense; and the defendant alleged exceptions.

*A. McNichol,* for the defendant.

*E. B. Harvey,* with *F. B. Bailey,* for the plaintiff.

PETERS, J. Every mortgagee may recover possession of the mortgaged property before a breach of the condition in the mortgage, when there is no agreement to the contrary. R. S., c. 90, § 2. Such agreement, inasmuch as it affects the title to real estate, must be evidenced by some writing. *Norton* v. *Webb,* 35 Maine, 218.

The tenant contends that such an agreement is clearly implied from the words of the mortgage itself. The conditional clause requires that the mortgager shall provide a comfortable home for the mortgagee, and furnish her sufficient food and clothing, medical attendance and nursing, and other necessaries during her natural life. The deed admits of no such construction. The mortgager is under no necessity to support the mortgagee upon the mortgaged premises, nor can the mortgagee require that she shall be supported there. There is no intimation in the mortgage that the use of the land mortgaged is to be enjoyed by the mortgager to enable him to furnish the required support there or elsewhere. The opinion and reasoning of the court in *Allen* v. *Parker,* 27 Maine, 531, must be conclusive of this case, unless overruled. As to the place where the support may be provided, see: *Wilder* v. *Whittemore,* 15 Mass. 262; *Hubbard* v. *Hubbard,* 12 Allen, 586, 590.

All the cases in this state, wherein it has been held that a mortgager may retain the possession, are clearly distinguishable from this. In *Lamb* v. *Foss* (21 Maine, 240) the mortgager was to render a share of the crops, or support the mortgagee upon the farm. In *Brown* v. *Leach* (35 Maine, 39) he was to maintain the mortgagee on the farm and keep it in good order.

In *Norton* v. *Webb, supra,* he was to support the mortgagee in the house upon the premises if he chose to do so, and he so elected. In *Bryant* v. *Erskine* (55 Maine, 153, 156) the court say, *arguendo,* that the mortgager was entitled to possession; but there the mortgage prescribed that a particular portion of the premises should be occupied by the mortgagees. Some other courts, we are aware, have given a more liberal interpretation to this class of mortgages than this court has, but we think it best to adhere to our own well established rule. There is really no more hardship in a dispossession of the mortgager in this case, than there is in ordinary cases where there has been no breach of the condition of the mortgage. If the mortgagee holds possession of the premises here (presumably a house and not a farm, from the description), the rents received by her or their value must be accounted for towards the support required to be rendered. Parties must stand by their agreements deliberately entered into.

Section 9, c. 90, R. S., does not apply here. It is therein provided that, if it appears that nothing is due on the mortgage, judgment shall be for the defendant. This is intended for a case where a mortgage has been fully satisfied or paid. That defense is made out when it appears that nothing is due or is ever to be due. "Nothing due," does not mean nothing payable merely.

Under the case as presented, the demandant is not entitled to a conditional judgment; nor does she ask it. She is entitled to possession.

*Judgment for demandant.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.