JOHN BUEHLER, Appellant, *v.* ROBERT D. PIERCE, Respondent.

USURY — ASSIGNMENT OF BOND AND MORTGAGE GIVEN TO SECURE USURIOUS NOTE — ASSIGNOR LIABLE FOR AMOUNT COVENANTED TO BE DUE THEREON, ALTHOUGH SECURITIES VOID FOR USURY WITHOUT HIS KNOWLEDGE OR COMPLICITY. Where the holder of a note secured by a bond and mortgage given by the maker and indorser thereof, which had been transferred to him by mesne assignments from the payee, assigned the note and bond and mortgage by an instrument containing a covenant that there was then due thereon a certain sum with interest to date, an action can be maintained against him by the assignee for such sum and interest under the express warranty contained in the assignment, notwithstanding the fact that in an action brought by such assignee upon the bond and mortgage against the makers thereof, such

instruments were held to be void by reason of an usurious agreement in which the securities had their inception, and there is no proof to show that the assignor was aware of the usury which tainted the note.

*Buehler* v. *Pierce*, 70 App. Div. 621, reversed.

(Argued May 20, 1903; decided June 2, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 19, 1902, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James Coupe* and *Henry F. Coupe* for appellant. The assignment of the note and mortgage given to the plaintiff contained representations and a warranty or guaranty that the note and mortgage were valid instruments; that there was $183.72 due and owing thereon, and that the same were enforceable in law. ( *Wilbur* v. *Cartwright*, 44 Barb. 536; *Willard* v. *Merritt*, 45 Barb. 295; *Sweet* v. *Bradley*, 25 Barb. 549; *White* v. *Hoyt*, 73 N. Y. 505; *Belloni* v. *Freeborn*, 63 N. Y. 383; *Archibald* v. *Thomas*, 3 Cow. 284; *Rogers* v. *Kneeland*, 10 Wend. 218; *Fuller* v. *Davis*, 4 Duer, 187; *Kelley* v. *Upton*, 5 Duer, 336; *Ripley* v. *Larmouth*, 56 Barb. 21.)

*L. N. Southworth* for respondent. There was no implied warranty that the note and mortgage were not usurious. (*Littauer* v. *Goldman*, 72 N. Y. 507; *Brown* v. *Montgomery*, 20 N. Y. 292; *Mandeville* v. *Newton*, 119 N. Y. 14; *People's Bank* v. *Bogert*, 81 N. Y. 106; *Donohue* v. *Meeker*, 35 App. Div. 43; *Dalrymple* v. *Hillebrand*, 62 N. Y. 5; *McClure* v. *C. T. Co.*, 165 N. Y. 108; *Leavitt* v. *Putnam*, 3 N. Y. 494; *Langdon* v. *Buell*, 9 Wend. 80; *Jackson* v. *Willard*, 4 Johns. 41.)

CULLEN, J. In August, 1895, Elizabeth J. Preston made her promissory note for $330 payable to W. Asten Preston

three months after date. The note was at the date thereof indorsed by the payee to Roselle Balch, and on the same day Elizabeth and W. Asten Preston executed to said Roselle Balch a mortgage of $330 to secure the payment of said note. The note and mortgage were given in pursuance of a usurious agreement between the Prestons and Balch. In June, 1896, Balch assigned the note and mortgage to the defendant, and in January, 1899, the defendant assigned them to the plaintiff. At the time of this last transfer payments had reduced the amount of the note and mortgage to $183.72, which was the amount paid by the plaintiff for them. The assignment from the defendant to the plaintiff contained this covenant : " And the said party of the first part hereby covenants that there is due on said bond and mortgage the sum of $183.72 with interest included therein to date, January 20, 1899." Subsequently the plaintiff brought suit on the bond and mortgage, and was defeated in the action by reason of the usurious agreement in which the securities had their inception. Thereupon he brought this action against the defendant, his assignor, to recover the amount paid for the note. No proof was given to show that the defendant was aware of the usury which tainted the note. The trial court found the facts as stated and rendered judgment for the defendant, being of opinion that the decision of this court in *Littauer* v. *Goldman* (72 N. Y. 506), in which it was held that on the assignment of a promissory note without indorsement there was no implied warranty on the assignor's part that the note was not affected by usury, controlled the disposition of the case. The judgment was affirmed by the Appellate Division.

It is unnecessary to review the doctrine declared in the case of *Littauer* v. *Goldman* (*supra*), nor to consider the question whether that doctrine has not now been incorporated into our statute law by the enactment of the Negotiable Instruments Law, as we think that the plaintiff was entitled to recover under the express warranty contained in the assignment, that there was "due on said bond (note) and mortgage the sum of $183.72 with interest thereon." The term "due" is defined

by Bouvier (1 Law Dict. 621) to be "what ought to be paid; what may be demanded;" by Burrill (1 Law Dict. 404) as "that which one owes; that which one ought to pay, or do to, or for another." The definition given in Webster's Dictionary is: "Owed; that ought to be paid or done to another. That is due from me to another; which contract justice or propriety requires me to pay and which he may justly claim as his right. That which law or justice requires to be paid or done." The term is used in different senses, sometimes as meaning payable, sometimes as meaning only owing and not yet payable. (*Allen* v. *Patterson,* 7 N. Y. 476; *United States* v. *State Bank,* 6 Peters, 29; *Scudder* v. *Coryell,* 10 N. J. L. 340.) In *Fowler* v. *Hoffman* (31 Mich. 219) it is said that the word is often used in business transactions as synonymous with "owing" or "remaining unpaid," and in *Manwell* v. *Manwell* (14 Vt. 14) is found a similar statement. But it must be borne in mind that in all these cases the question discussed was whether the word "due" necessarily imported a claim that had already become payable or included one payable in the future. It is said by Bouvier to differ from "owing" in that at times what is owing may not be due. But there is no suggestion in text book or decision that that which is due may not be owing. The term necessarily implies an obligation to pay, either present or future. Under our statute the note and mortgage were void even in the hands of innocent purchasers. There was no obligation on the part of the makers of either security to pay the sum it purported to represent. I do not see how there can be anything due on a security where there is no obligation to fulfill or discharge the same.

The judgment should be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, MARTIN and WERNER, JJ., concur.

Judgment reversed, etc.