LYMAN B. CORNELL, APPELLANT, V. MAVERICK LOAN &
TRUST COMPANY ET AL., APPELLEES.*

FILED JANUARY 7, 1914. No. 17,480.

1. **Taxation:** SUIT TO REDEEM: REFUSAL OF REQUEST TO FILE SUPPLE-
   MENTAL PETITION. A petition to redeem from a tax sale of real
   estate was filed on the 2d day of November, 1910, a summons
   was issued on the same day and subsequently served. The law
   requires the tax list for the current year to be delivered to the
   county treasurer on or before the first of that month. The tax
   for the year 1910 was not paid. After the tax had become delin-
   quent, plaintiff paid it; and, before the final decree dismissing his
   suit was entered, he asked leave to file a supplemental petition
   alleging such payment. Leave was denied, to which he excepted.
   *Held,* That the leave should have been granted.

2. ———: WHEN DELINQUENT. Taxes on real estate are not due so
   that their collection can be enforced until the 1st day of May
   following the time when the tax list is placed in the hands of the
   county treasurer for collection.

3. **Affidavits.** "An affidavit subscribed and sworn to before a person
   not authorized by law to administer oaths is void and no affidavit."
   *Lanning v. Haases,* 89 Neb. 19.

APPEAL from the district court for Box Butte county:
WILLIAM H. WESTOVER, JUDGE. *Reversed with directions.*

*Burkett, Wilson & Brown* and *Ralph P. Wilson,* for
appellant.

*Albert W. Crites* and *C. Patterson, contra.*

REESE, C. J.

This is an action to redeem the northwest quarter of
section 19, township 26, range 49, in Box Butte county,
from a sale for the taxes of 1902 and subsequent years.
The property is alleged to have been sold at administra-
tive sale by the county treasurer on the 14th day of
November, 1903. The petition to redeem was filed on
the 2d day of November, 1910, and summons issued on
that day and subsequently duly served. It is alleged,

*Rehearing denied. See opinion, p. 842, *post.*

among other things, that there was no legal and regular notice of the delinquency of said taxes published by the treasurer prior to the sale; that no legal sale book was kept by the treasurer, as the book in which the sale was entered failed to show the name of the owner of the land sold, or the date of the certificate of sale; that the treasurer made no return of the sale to the county clerk as the law required; that the sale was made to the Maverick Loan & Trust Company; that prior to the application for deed the said trust company pretended to serve and publish a notice of the time for redemption, but that said notice contained no legal description of the property; that it was not served upon the occupant of the land, nor was any search made for the plaintiff in said county, and no proof thereof was made to the treasurer; that none of the proceedings were ever filed with the county treasurer, nor was there any evidence thereof transmitted to the county clerk by the treasurer for record, nor was the same ever recorded, nor did the tax receipts issued to the purchaser show whether the property was sold at public or private sale; that the tax deed did not describe any particular lands as the subject of conveyance, did not state in what county or state the lands were situated, nor otherwise describe them with certainty; that the notice of the time for redemption gave the date of the expiration of the time for redemption as the 2d day of November, 1905, when the time for redemption would not expire before the 14th day of said month, that being the date of the sale in 1903; that the certificate of sale was void, for the reason that it recited that the purchaser would be entitled to a deed on the 2d day of November, 1905; that, by reason of the incorrect statement of dates, the certificate, sale and deed were void; that the Maverick Loan & Trust Company had transferred its interest in the land to the Sheridan Realty Company, but that the transfer was colorable only. The Sheridan Realty Company is made a defendant. A tender to the county treasurer of the amount of taxes, interest and costs, and the refusal of that officer to accept

the money in redemption, is alleged, with prayer that upon payment into court of the amount due the redemption might be made and plaintiff's title quieted, and for general relief. The Sheridan Realty Company answered, denying the unadmitted averments of the petition, and alleging that the land in question was subject to taxation for the year 1902; that the land was duly assessed and listed for taxation for that year and for the subsequent years, and was sold on the 2d day of November, 1903, as advertised, for the sum of $2.93, which was then paid; that the notice of the tax sale was duly published, and proofs thereof furnished the county treasurer. In general, the proceeding leading up to the sale and deed are alleged to be regular and legal, which it is not deemed necessary to here recite in detail, and that all subsequent taxes have been paid, except those of the years 1909 and 1910, which are past due and delinquent. Prayer for quieting of the title in defendant and for general relief. This answer, as an amended answer, was filed May 24, 1911. The reply is a general denial. A trial was had to the court, resulting in a general finding in favor of defendants, with decree dismissing the plaintiff's action. It was specially found that plaintiff had not paid the taxes levied upon the taxed premises for the year 1910, and that without such payment said plaintiff should not be permitted to question the title acquired by defendant under the treasurer's tax deed mentioned in the petition. Plaintiff appeals.

The decree was filed in the office of the clerk of the district court on the 25th day of July, 1911. On the 20th day of the same month plaintiff lodged with the clerk and asked leave to file a supplemental petition, alleging that since the commencement of the action, to wit, on the 11th day of July, 1911, plaintiff paid the taxes levied upon the land in controversy in the year 1910, amounting to the sum of $5.70, leaving no taxes due and unpaid upon the premises. Leave to file this supplemental petition was denied, and upon the ruling thereon error is assigned. It appears from the record that the cause

was tried and submitted to the court on the 22d day of May, 1911, and, while not so shown by the recitals, it is evident that it was taken under advisement by the court, and, while so held, the application to file the supplemental petition was made. We are persuaded that under the circumstances and in the interest of justice the leave should have been granted, and that proof of the payment of the taxes should have been heard. This, however, must depend upon the construction to be given to section 141 *et seq.*, art. I, ch. 77, Comp. St. 1911. We quote the following from defendants' brief. "Section 141 provides that the tax list shall be completed and delivered to the county treasurer for collection on or before November 1 of each year, and a warrant shall be attached commanding such collection. Section 144 provides that no demand for payment of taxes shall be necessary, but it is the duty of every person liable to taxation to attend at the treasurer's office and pay his taxes. Section 150 provides that personal taxes shall become delinquent on December 1 and real property taxes on May 1 following the levy." So far as we have been able to discover, this is a correct summary of the provisions of the statute. This suit was commenced on the day after the date fixed for the delivery of the tax list to the county treasurer. The taxes did not become delinquent until May 1 following. During the interval there is an option to the taxpayer which enables him to anticipate the payment should he so desire. The tax list was presumptively in the hands of the county treasurer on the day the petition was filed, but, if not, the validity of the tax would not be affected thereby. In Black, Law Dictionary (2d ed.) in the definition of "delinquent," it is said: "As applied to a debt or claim, it means simply due and unpaid at the time appointed by law or fixed by contract; as, a delinquent tax." In 2 Words and Phrases, p. 1956, it is said: "Delinquency of taxes necessarily includes present obligation to pay, for such delinquency is the neglect of that obligation to pay." The word "due" is defined by Black as "owing; payable; justly owed;

\* \* \* that which law or justice requires to be paid or done." There is nothing in the statute that requires the taxes on real property to be paid before the 1st of the following May. It draws no interest. The state cannot enforce payment before that time, because it is not 'due.

Sections 194-196, art. I, ch. 77, Comp. St. 1911, provide for the publication of the delinquent tax list. Section 197 requires proof of the publication to be made by affidavit to be furnished the treasurer. What purports to be an affidavit of publication is attached to the newspaper containing the printed list, but is sworn to before a United States commissioner. In *Lanning v. Haases,* 89 Neb. 19, it was held that such officer had no authority to administer oaths in matters of this kind, and that "an affidavit subscribed and sworn to before a person not authorized by law to administer oaths is void and no affidavit." Such must be the holding in this case, and that there was no legal proof of the publication of the delinquent tax list.

Objection is made that the defects complained of are not alleged and pointed out in the petition. While this is in some instances true, the evidence of the facts upon which this decision is based was offered and received without objection, and we are compelled to decide the cause on the theory of the trial. It follows that plaintiff is entitled to redeem.

The decree of the district court is reversed, the cause is remanded thereto, with directions to permit the filing of the supplemental petition, hear the evidence upon the question of the alleged payment, and, should the same be sustained, enter a decree canceling the treasurer's deed to the Maverick Loan & Trust Company, the deed of the latter to the Sheridan Realty Company, permit plaintiff to redeem and quieting his title upon the payment into court of the amount of the bid, taxes, interest and costs paid by defendants, within a reasonable time to be fixed by the court.

REVERSED.

ROSE, FAWCETT and SEDGWICK, JJ., not sitting.