[No. 14066. Department Two. July 31, 1917.]

J. W. FRERICH, *Respondent*, v. ROBERT ABRAMS, *Appellant*.[1]

DEEDS—PROPERTY CONVEYED—RENTALS—COVENANTS—EXCEPTIONS— RIGHT TO. A deed of leased premises with covenants against all claims except as to existing leases, and conveying title to rentals "due and owing," does not pass rentals previously paid to the grantor in advance for the last two months of the term, according to the terms of a duly recorded lease; since they were not due or owing and the grantee was bound to notice the lease.

Appeal from a judgment of the superior court for King county, Tallman, J., entered November 18, 1916, upon findings in favor of the plaintiff, in an action to recover claims for rentals, tried to the court. Reversed.

*W. H. Beatty* and *Hastings & Stedman*, for appellant.

*J. L. Corrigan*, for respondent.

FULLERTON, J.—The appellant, Robert Abrams, being the owner of an apartment house in Seattle, leased the same to tenants for a period of five years running from January 1, 1911, to December 31, 1915, at a rental of $225, payable monthly in advance. The lease contained the following recitals:

"The said second parties have this day paid first party the sum of $450 (in addition to the first months' rent in ad-

[1]Reported in 166 Pac. 792.

vance) which said sum of $450 is to be applied on the last two months of the term of this lease, and it is agreed that if default shall be made in any of the covenants of this lease, said sum of $450 shall be forfeited to first party."

On May 25, 1915, the appellant, by a bargain and sale deed, conveyed the apartment house, together with other property, to his daughter, Mildred Colwell, in settlement of a contest between them over the estate of Mrs. Colwell's deceased mother. The deed covenanted "against all and every person or persons whomsoever lawfully claiming or to claim the same or any part thereof, except as to all leases now existing against aforesaid property." The deed also contained the further stipulation:

"It is understood and agreed as between the parties hereto that all moneys due and owing on the aforesaid properties, as rentals by reason of any leases now existing shall be the property of the party of the second part."

At the time the apartment house was conveyed to Mrs. Colwell, she made no demand for the $450 paid at the time of the execution of the lease, but claims ignorance of the fact of its payment having been made. The lease, however, was spread upon the proper records of King county, affording constructive notice to all the world.

The tenants remained in possession until the end of their term, and the rentals were paid over to Mrs. Colwell subsequent to the execution of the deed, save for the last two months, the tenants claiming credit for the advance payment made by them to the appellant. Mrs. Colwell thereupon made demand upon her father for the $450, claiming title thereto in virtue of her ownership of the fee during the time in which the rentals accrued. Payment was refused, whereupon she assigned her claim therefor, together with other demands not necessary to be considered here, to the plaintiff, J. W. Frerich, who brought an action thereon against the appellant. On a trial by the court, plaintiff was adjudged entitled to recover, and this appeal followed.

It is our opinion that the trial court erred in allowing the recovery sought. Undoubtedly, it is a general rule that a warranty against incumbrances in a conveyance of real property is breached if there be a valid, outstanding lease upon the property having a definite period yet to run. It is a general rule, also, that a conveyance of real property subject to an outstanding lease carries with it the rent accruing and becoming due after the conveyance, unless there be a special reservation of such rents. But the grantor in this conveyance, it seems to us, specially exempted himself from any liability that might arise from these general principles of law. That he exempted himself from liability arising from the covenants of warranty, there can be no question. The conveyance was expressly made subject to all leases then existing against the property. So with the clause concerning the rentals. While the clause is not in form an exception, it is so in effect. It designates what rentals shall pass by the conveyance, and thus precludes any implication that something more was intended, which might have arisen had the deed contained only the ordinary words of grant. The rentals passing by the deed are those only which are "due and owing" on the property. The rents for the last two months of the lease were neither due nor owing. They had been paid by the tenant at the time of the execution of the lease. True, the sum paid was subject, on a stated contingency, to another application. But the condition did not happen, and the payment became applicable on the last two months of the term of the lease. Being neither due nor owing, the grantee cannot recover the amount thereof from her grantor.

The rule is not affected by the fact that the grantee had no actual knowledge of the terms of the lease. The lease was not only specially mentioned in the deed through which she obtained title, but was an instrument subject to record and was properly recorded. It clearly expressed the terms of the contract, and the grantee was bound to notice its terms and conditions.

The judgment is reversed, and the cause remanded with instructions to enter a judgment omitting the item herein referred to. The appellant will recover costs on the appeal.

ELLIS, C. J., MOUNT, PARKER, and HOLCOMB, JJ., concur.