## Salus *v.* Curzon, Appellant.

*Judgment—Judgment notes—Entry prior to maturity—Opening judgment.*

A judgment may be entered on a note containing a warrant of attorney to confess judgment, before the maturity of the instrument. An application to open a judgment is addressed to the sound discretion of the court, and, in the absence of abuse of such discretion, the action of the court will not be disturbed.

Argued October 6, 1919. Appeal, Nos. 206 and 207, October T., 1919, by defendant, from order of C. P. No. 1, Philadelphia Co., September T., 1918, No. 2535, discharging rule to strike off and rule to open judgment in the case of Harry Salus v. Paul Curzon. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Rule to strike off judgment and rule to open judgment. Before SHOEMAKER, J.

The opinion of the Superior Court states the case.

The court discharged both rules. Defendant appealed.

*Error assigned* was the order of the court.

*L. W. Baxter,* for appellant.


No appearance and no printed brief for appellee.


OPINION BY HENDERSON, J., December 8, 1919:

The defendant gave to the plaintiff a judgment promissory note for $300, payable in ninety days from date. The obligation contained the usual warrant of attorney authorizing an attorney of any court of record of Pennsylvania or elsewhere to appear for the defendant and confess judgment against him for the amount of the debt with costs of suit release of errors without stay of execution, and with six per cent added for collecting fees. The note was filed in the prothonotary's office and a judgment entered thereon under the authority conferred by the Act of February 24, 1806. The act authorizes the prothonotary to enter judgment on an obligation against the person who executed the same "for the sum, which from the face of the instrument may appear to be due." The appellant made an application to the court to strike off or open the judgment and permit him to make a defense. A rule was granted thereon and on the argument the court treated the application as the basis for two rules; one to strike off, and the other to open the judgment, the latter rule being founded on an allegation in the petition of an equitable defense. The contention of the appellant on the rule to strike off the judgment is that the statute authorizing the prothonotary to enter judgment only applies to obligations which are presently payable and to those on which a sum certain is expressed in the instrument. The amount payable on the note in question is said to be indefinite because of the clause providing for the payment of six per cent for collecting fees, and the judgment having been entered before the maturity of the paper it is said nothing appeared to be due from the face of the instrument at that time. We agree to the conclusion of the learned judge of the court below that the word "due" in the statute relates to the

sum of the debt. It is undoubtedly true that the word has two meanings as applied to obligations to pay; it sometimes expresses an immediately demandable indebtedness, and at other times an obligation to pay in the future, and the latter sense is that in which the term is generally used. It is said in Roberts v. Beatty, 2 P. & W. 63, "The meaning of due is owe. It is so understood in common parlance." In Fulweiler v. Hughes, 17 Pa. 447, the court said "It is useless to cite instances to show that the word "due" as continually used by judges, legislators and lexicographers is synonymous with 'owing.'" The word was construed in the same sense in U. S. v. The Bank of North Carolina, 6 Peters 36. To the same effect are: National Bank v. Carle, 131 Cal. 409; Life Insurance Co. v. Board of Equalization, 74 Iowa 178; Mason v. North, 67 Maine 546. There is nothing to suggest that it was not the intention of the maker to give the payee the benefit of the security afforded by the warrant of attorney. While the note was payable at a future time, the authority to enter the judgment could be immediately exercised under the express language of the instrument. The intention was to give the payee the protection which a judgment might afford and facilitate the collecting of the debt at maturity. The question was decided in Volkenand v. Drum, 143 Pa. 525. There the judgment was entered by the prothonotary before the maturity of the obligation, and the note contained a provision for the payment of a collection fee of ten per cent. The judgment was held to be regularly entered. It is to be noted that the judgment in the case now under consideration was only entered for the face of the note. The collection fee was not liquidated in the judgment. It is in the nature of a penalty and subject to the control of the court: Daly v. Maitland, 88 Pa. 384. If the authority of the prothonotary in such cases is limited to obligations which are overdue, none of the instruments of that large class in which provision is made for partial payments could be entered under the statute. It has been the com-

mon understanding of courts and lawyers for more than one hundred years in the Commonwealth that the statute applied to such obligations, and it is now too late to contend for a different interpretation of the law.

We are not convinced that the learned judge was in error in discharging the rule to open the judgment. A controversy of fact was raised by the conflicting evidence, and there is not sufficient support to the allegations of the appellant to convince us that there was an abuse of discretion in the disposition of the case.

The appeals are dismissed and the decrees affirmed at the cost of the appellant.