The judgment in each of these cases will be reversed.

---

JESSE LOBSENZ, RESPONDENT, v. F. ROBERT YOUNG, APPELLANT.

Submitted July 5, 1923—Decided November 17, 1923.

Where the holder of a note, secured by a bond and mortgage given by the maker thereof, which had been transferred to him by assignment from the payee, assigned the note and bond and mortgage by an instrument containing a covenant that there was then due and owing thereon a certain sum with interest from a certain date, an action can be maintained against him by the assignee for such sum and interest under such express warranty contained in the assignment, after the mortgage, in a suit brought by the assignee to foreclose it, had been decreed to be void because it was made by a married woman and not joined in by her husband, and was given as surety without any benefit to her or her separate estate, where there was no proof that such invalidity was known to the assignee.

On appeal from the Passaic County Circuit Court.

Before Justices Trenchard and Parker.

For the appellant, *Michael Dunn* and *Michael J. Murphy.*

For the respondent, *Abraham I. Feltman* and *Peter J. McGinnis.*

The opinion of the court was delivered by

TRENCHARD, J. This is the defendant's appeal from a judgment entered upon a verdict directed for the plaintiff below.

The facts are not in dispute: One Jennie Carroll made and executed to William F. Farrell her promissory note dated September 8th, 1916, for the sum of $1,500, payable on demand, which note was on the same day endorsed over by the payee to F. Robert Young, the defendant herein. At the same time and in the same transaction Jennie Carroll, the maker, executed a bond and mortgage to Young to secure the same debt. On October 25th, 1916, for a valuable consideration, Young assigned the bond and mortgage and endorsed the note over to the plaintiff, and delivered them to him. The assignment contained this covenant: "And I do hereby covenant, promise and agree, to and with the said party of the second part, that there is now due and owing upon the said bond and mortgage the sum of $1,425 and interest from October 8th, 1916." After default, a suit in chancery was begun by the plaintiff to foreclose the mortgage, and a decree was entered therein for the defendant, upon the ground that the mortgage was given by a married woman in which her husband did not join, and that it was executed as surety without any benefit or consideration therefor to her or her separate estate. It is not denied that the decree was right and the mortgage null and void. Thereupon, the plaintiff brought this suit setting out in his complaint two causes of action, one on the defendant's endorsement of the note, and the other for the breach of the covenant contained in the assignment of mortgage to the plaintiff. The trial judge directed a nonsuit as to the first count, from which no appeal was taken, and directed a verdict for the plaintiff on the second count; and the only question before us is the liability of the assignor of the mortgage on his covenant.

We are of the opinion that where, as here, the holder of a note secured by a bond and mortgage given by the maker thereof, which had been transferred to him by assignment from the payee, assigned the note and bond and mortgage by an instrument containing a covenant that there was then due and owing thereon a certain sum, with interest from a certain date, an action can be maintained against him by the assignee for such sum and interest under such express warranty contained in the assignment, after such mortgage, in a suit brought by the assignee to foreclose it, had been decreed to be void because it was made by a married woman and not joined in by her husband, and was given as surety without any benefit to her or her separate estate, where, as here, there was no proof that such invalidity was known to the assignee.

In *Beuhler* v. *Pierce,* 175 *N. Y.* 264, exactly this question was presented. There the holder of a note, secured by a bond and mortgage given by the maker thereof, which had been transferred to him by mesne assignments from the payee, assigned the note and bond and mortgage by an instrument containing a covenant that there was due thereon a certain sum with interest to date, and it was there held that an action could be maintained against him by the assignee for such sum and interest under such express warranty contained in the assignment, notwithstanding the fact that in an action brought by such assignee on the bond and mortgage against the maker thereof, such instruments were held to be void by reason of an usurious agreement in which the securities had their inception, there being no proof that the assignee was aware of the usury which tainted the note.    The covenant of the assignor in that case was: "And the said party of the first part hereby covenants that there is due on said bond and mortgage the sum of $183.72, with interest included therein to date, January 20th, 1889." Judge Cullen, speaking for the Court of Appeals of New York, said that as there used "the term 'due' necessarily implies an obligation to pay, either present or future." He further said that under the statute the note and mortgage were void, and therefore "there was no obligation on the part of the makers of either security to pay

the sum it purported to represent. I do not see how there can be anything due on a security where there is no obligation to fulfill or discharge the same." We think that case was rightly decided and is precisely in point here. We have there, and here, the note and a bond and mortgage for the same debt with the same covenant, and it was there held that the assignor was liable. In *Scudder* v. *Coryell,* 10 *N. J. L.* 340, Chief Justice Ewing, in dealing with the word "due," said: "The word 'due' has more than one signification or is used on different occasions to express distinct ideas. At times it signifies a simple indebtedness without reference to time of payment. * * * At other times it shows that the day of payment or render has passed." It seems clear that the words "due and owing," as used in this covenant, have the first-mentioned signification; that is to say, signify an indebtedness without reference to the time of payment. Since there was nothing legally due and owing on this mortgage at the time the covenant was made there was a breach of it, and therefore the trial court was right in directing a verdict for the plaintiff.

The judgment will be affirmed, with costs.