## Vogt *v.* Birch, Appellant.

Argued December 3, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*John B. Gest,* with him *James F. Hagen,* for appellant.—The expression "amount due to date to said John Birch by said John H. Vogt" means the balance of purchase price unpaid: Gillingham's Est., 220 Pa. 353; Roberts v. Beatty, 2 P. & W. 63; Salus v. Curzon, 73 Pa. Superior Ct. 170; Fulweiler v. Hughes, 17 Pa. 440; United States v. Bank, 6 Peters (31 U. S.) 29; Federal Trust Co. v. Fire Dist., 283 Fed. 95; Rumeley v. United States, 293 Fed. 532.

The letters were admissions: Wallace v. Hussey, 63 Pa. 24; Liebster v. Lucas, 82 Pa. Superior Ct. 184; Arthur v. James, 28 Pa. 236; Rabinowitz v. Silverman, 223 Pa. 139.

The letters were evidence of the intention of the parties: Gillespie v. Iseman, 210 Pa. 1.

*J. Edgar Wilkinson,* for appellee. — The words "amount due to date," as used in the agreement, were synonymous with "amount presently or immediately payable."

The letters written by counsel for plaintiff to defendant, some four months after the execution of the contract, were inadmissible for the purpose of construing the agreement: American D. Tunnel Kilns v. Holt, 269 Pa. 293; Stevenson v. Sun Co., 77 Pa. Superior Ct. 587; Bole v. Ins. Co., 159 Pa. 53; Hook v. Welch, 67 Pa. Superior Ct. 297; Tate-Jones & Co. v. Steel Co., 281 Pa. 448; Alexander's App., 20 W. N. C. 283.

It has been repeatedly held that the construction of a written contract by the parties themselves will be adopted only when its terms are ambiguous: Shoemaker's Account, 277 Pa. 424; Blough v. Lochrie, 275 Pa. 491.

OPINION BY MR. JUSTICE SCHAFFER, January 6, 1930:

Defendant, Birch, appeals from a judgment on a verdict directed against him in the court below. He had sold all the stock, fixtures, machinery and good will of his woodworking business to plaintiff, Vogt, under a written agreement dated September 14, 1925, for the sum of $5,000, $2,000 of which was paid in cash on the day of the agreement, $1,000 more was to be paid on January 1, 1926, and the balance, $2,000, on or before April 1, 1926. The installment which was to be paid on January 1st was not liquidated and on February 20, 1926, the parties entered into a new agreement under which Vogt released his title in the business, stock, good will, machinery and fixtures to Birch, it being stipulated that Birch should resell for the best figure he could obtain "and if the price obtained with apportionment of rent, interest, fire insurance, telephone and electric service bills, *is in excess of the amount due to date* to the said John Birch by the said John H. Vogt, the said excess amount shall accrue when paid, unto the

said John H. Vogt." In other words, Birch had sold the business to Vogt for $5,000 and had been paid $2,000 on account. Vogt reconveyed to Birch for the purpose of reselling it and Birch was to account to Vogt for "the excess of the amount due to date" to Birch. Birch sold for $3,000, of which sum $200 was admittedly due to him for materials purchased since repossessing the business. We, therefore, have this situation: Birch sold to Vogt for $5,000 and was paid on account $2,000. On the resale, Birch receives $2,800 out of which he must pay Vogt, if the verdict in this case is to stand, $2,545.84. Which means that for the business which he originally sold to Vogt for $5,000, he will realize but $2,254.16. When Vogt's side of the account comes to be stated, the result seems more inequitable so far as Birch is concerned. Vogt paid but $2,000 on account of the business. He was in control of it from September 14, 1925, to February 20, 1926, realizing on the verdict now in his favor he will get back the $2,000 he paid and $545.84 in addition. No such result we think could have been in the minds of the parties when they entered into the resale agreement and it should not be permitted to stand unless the language of the contract imperatively so requires and we are of opinion that it does not.

The mistake of the trial judge was in holding that the words "in excess of the amount due to date" did not embrace the whole of the indebtedness due by Vogt to Birch, but only that part of it which, under the original agreement of sale, was due on the date of the new agreement,—the $1,000 payment which should have been made on January 1, 1926, and which was in default, and that the words did not embrace the final payment of $2,000 due on April 1, 1926. He held that, "the amount due to date to the said John Birch by the said John H. Vogt" was $1,000 not $3,000. In his opinion, he says, "In writing this agreement it seems to us the defendant, if he had intended that he was to receive the $2,000, that is, the third payment which was not due, he would have

simply said 'due' but he added the words 'to date,' and that date was February 20, 1926, and the third payment of $2,000 was not due at that time." This reasoning sticks too close to the bark and ignores the situation of the parties, the nature of the transaction, what the likelihood is of what they were seeking to accomplish (to save as much for both of them as was possible) and the usual and ordinary meaning of the word "due." "The word 'due' is used by judges, legislators and lexicographers as synonymous with 'owing': Fulweiler v. Hughes, 17 Pa. 440. 'Due' means 'owed,' 'owing': Century Dictionary. It is defined, 'owed, owing, owing and unpaid, remaining unpaid, an indebtedness': 14 Cyc. 1107": Gillingham's Est., 220 Pa. 353. "The meaning of the word 'due' is owe. It is so understood in common parlance": Roberts v. Beatty, 2 P. & W. 63, 67. "It is said that the 'debts due' which are liable to the writ must be such as are payable then, and not in future. But this is a narrow construction": Fulweiler v. Hughes, 17 Pa. 440. See also to the same effect, Salus v. Curzon, 73 Pa. Superior Ct. 170; United States v. Bank of North Carolina, 31 U. S. 29; Federal Trust Co. v. East Hartford Fire Dist., 283 Fed. 95; Rumely v. United States, 293 Fed. 532, and the many cases therein cited; Ex parte American Fertilizer Co., 115 S. E. 236, 238, 122 S. Carolina 171; Lobsen v. Young, 122 Atl. 618, 99 N. J. L. 28; Lessler v. Patterson Nat. Bank, 97 N. J. Eq. 396, 128 Atl. 800, 801. "The word 'due,' in its larger sense, covers liabilities matured and unmatured; ......much depends upon the context and evident purpose intended. ...... All the surrounding circumstances must be taken into consideration": In re Duncan Construction Co., 280 Fed. 205, 207.

We think it clear that the parties used the words "due to date" in the generally understood sense of "owing to date" and the amount owing to Birch at the date of the agreement was not $1,000, but $3,000. As there was nothing in excess of this amount received by Birch, noth-

ing in the language of the agreement "accrued" to Vogt from the purchase price which Birch received from the resale.

The agreement, however, contemplated the settlement of other matters in addition to the consideration received from the resale and provided that all bills receivable should be collected and paid to Birch and used by him to pay bills due by Vogt on the business, adjustments of insurance and rent and also interest. Taking all these matters into account, it would appear that there is a small balance due to plaintiff, the exact amount of which is the subject of calculation, which can best be made by the court below with the parties and their counsel before it.

Therefore the judgment entered by the court below is ordered to be modified in accordance herewith, with directions to enter such judgment for plaintiff as the parties may agree upon or as the state of the accounts between them may demonstrate to be due.