WILLIAM C. CASPERSON and GEORGE F. SHAW, complainants-appellants,

*v.*

LAURA D. McNEILL and FLORENCE M. STANLEY, surviving executrices of the last will and testament of Margaret D. McNeill, deceased, defendants-respondents.

[Argued February 4th, 1932. Decided May 16th, 1932.]

*Mr. J. Chester Massinger,* for the appellants.

*Mr. Frederick W. Van Blarcom,* for the respondents.

The opinion of the court was delivered by

HETFIELD, J.

This is a suit for an accounting, and to construe a certain contract, so that the rights of the parties might be determined. The facts presented to the court below are not disputed, and show that the defendants-respondents are the surviving executrices of the last will and testament of Margaret

D. McNeill, deceased. The estate owned a tract of land consisting of approximately nine acres, situated in the borough of West Paterson, which the defendants desired to develop and dispose of; and accordingly, they entered into an agreement with the complainants-appellants, on the 29th day of January, 1917, whereby the complainants were appointed the sole agents of the defendants, for the purpose of developing the tract of land in question, and selling same in lots or plots as indicated on a map attached to the agreement, and at a price per lot as set forth on said map. It was also provided that the land should be staked, graded, curbed and guttered, and streets opened, at the joint expense of the parties to the agreement, and the work was to be done by the agents without charge for their personal services, excepting that the complainant, George F. Shaw, was to be allowed to charge at a rate of $3 per day for labor he might perform while actually engaged in the work, one-half to be paid by each of the parties. All the proceeds of sale, including the installments, were to be paid to the defendants. The complainants were to receive for their services fifteen per cent. of the proceeds actually collected from the sale of lots, and in addition thereto, five per cent. for collecting all installment payments, after the initial payment had been made by the purchaser. The said commission was to be paid until the defendants had received the sum of $10,000 from the sale of the lots, after deducting the commissions and all taxes, assessments and expenses incurred for developing the properties, at which time the complainants were to be paid, in lieu of commissions, one-half of the net proceeds received from any sales.

The main controversy in this litigation relates to the construction of a paragraph contained in the agreement, which reads: "This contract shall remain in force and effect for five years from the date hereof, and after the expiration of said period said parties of the second part shall have no further right or interest therein or in said property, except only in the installment payments then due and unpaid on the part of purchasers; and as to these, parties of the second

part shall be entitled to receive their aforesaid commissions on all installments thereafter collected." It appears that before the expiration of the contract, which was on January 29th, 1922, the complainants had sold all of the property, in accordance with the agreed terms, for a total sum of $18,438, and there had been collected on account of the sale price of the different lots, the sum of $12,999.20. The balance due, amounting to $5,438.80, was collected subsequent to the termination of the contract, of which sum the defendants collected $5,063.80, and the complainants $375. The defendants argued in the lower court, and now contend, that after the contract had expired, the complainants' interest ceased, with the exception that they were entitled to commissions on any installments which should have been paid prior to January 29th, 1922, and that under the said expiration clause, the complainants lost any right or interest in the installments which were payable after the contract had terminated.

The court of chancery, by its order, referred the matter to a special master, who found and reported, among other things, that there was no default in any of the installments which were payable prior to January 29th, 1922, and held that the complainants had no interest or right in installments payable after that date. The master also decided that an item of $388.86, representing the cost of certain curbing and guttering, which was actually laid prior to the execution of the contract, could not be charged in any part, against the complainants, but permitted the amount to be considered as an expense for the purpose of arriving at the net income received from sales. The master's report was ratified and confirmed by the court below, and a decree was entered accordingly, from which this appeal is taken.

It is necessary, when considering the complainants' rights and interests in the installments payable after the termination of the contract, to properly construe and interpret the words "due and unpaid," as used in the expiration clause before referred to and quoted. It seems clear that the word "due" was not intended to be used in the restricted sense of

payable, but rather to import an existing obligation. The contract contemplated that sales should be made on the installment basis, and such a method was followed, as it provides that: "No property shall be sold except at least five per cent. of the purchase price shall be paid by the purchaser at the time of sale and not less than payments of $5 per month on balance of purchase-money without interest. Purchasers shall be exempt from any taxes or assessments which may be levied on the property purchased for the year in which such purchase was made." It is apparent that installments due on sales made during the latter part of the term of the contract would not all be paid for a considerable time after the expiration thereof, and to sustain the respondents' contention and the interpretation made by the court below, it would be necessary to hold that the parties did not intend to fairly compensate the complainants for their labor and services in affecting sales during a substantial period preceding the termination of the contract. The word "due," as applied to a debt or obligation to pay money, does not always mean that the money is then immediately payable. It is sometimes used to express the mere state of indebtedness, and then is equivalent to "owed" or "owing;" and sometimes it is used to express the fact that the debt has become payable. We think the words "due and unpaid," as used in the present case, were intended to indicate existing obligations owing at the time the contract expired, without reference to the time of payment. We therefore conclude that the complainants had the same interests and rights in the installments, payable subsequent to the termination of the contract, as they had in those payable prior thereto.

We think the court below, in arriving at the net income received by the defendants, erred in allowing the cost of installing the curbing and guttering, which was laid before the execution of the contract, to be considered as an expense. We can find nothing in the contract which provides or contemplates that any expense incurred prior to the execution thereof, should be reflected in any accounting wherein the complainants were concerned.

The decree of the court of chancery is reversed, and the case remanded to that court, in order that a decree may be made, in accordance with the views herein expressed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.