WILLIAM R. WHITE, AS SUPERINTENDENT OF BANKS OF THE STATE OF NEW YORK, PLAINTIFF, v. HERMAN LISKOVSKY ET AL., REFERRING IN PARTICULAR TO DEFENDANT, MINNIE KULLER, DEFENDANTS.

Decided December 30, 1938.

For the plaintiff, *McDermott, Enright & Carpenter.*

For the defendants, *David Bayarsky.*

SMITH, JOSEPH L., C. C. J.   The plaintiff moves to strike the answer filed upon the ground that it sets forth no legal defense.   The sole issue raised and argued, is whether or not the plaintiff is barred by the statute of limitations.   The Times Square Trust Company was closed by the superintendent of banks on August 5th, 1931.   As of May 25th, 1932, the superintendent of banks made a determination that an assessment against stockholders would be necessary.   On August 4th, 1932, he made a demand upon each of the stockholders for the payment of twenty ($20) dollars, the par value, as an assessment upon each share of stock held by the stockholder. It was demanded that the payment be made on or before the 6th day of September, 1932.   This suit was instituted on August 12th, 1938, and service was made on this defendant on August 22d, 1938.

The gist of the defendant's argument is that the stockholders' obligation came into existence on August 4th, 1932, and that the six-year period of the statute commenced from that date and expired on August 4th, 1938.   The difficulty with the position is that the statute runs not from the date

an obligation comes into existence, but from the day the cause of action *"has accrued."*

The cause of action accrued, that is, the debt became sueable, not on the date the obligation was announced, but on and after the date when, according to the term of the notice, the assessment became due and "payable."

Section 80 of the New York Banking law further provides that interest on the unpaid assessment shall run "From the date when such assessment was, by the terms of such notice, due and payable."

Assuming that the assessment in question was "due" on August 4th, 1932, by the terms of the notice, it was not "payable."

As stated in *Casperson* v. *McNeill,* 110 *N. J. Eq.* 369; 160 *Atl. Rep.* 380:

"* * * the word 'due,' as applied to a debt or obligation to pay money, does not always mean that the money is then immediately payable. It is sometimes used to express the mere state of indebtedness, and then is equivalent to 'owed' or 'owing'; and sometimes it is used to express the fact that the debt has become payable * * *."

No matter which meaning we give the word "due" it is clear that the obligation was not enforceable of payment before September 6th, 1932; the stockholder was given until that date within which to pay. No action could have been maintained before September 6th, 1932.

In addition, it will be observed that the cause of action accrued in the State of New York, and under the law of that state, the cause of action did not accrue until default was made on the last day fixed for payment, viz.: September 6th, 1932. *Meeker* v. *Ormon Realty Corp.,* 163 *N. Y. Misc.* 702.

It follows then, that no action would lie on the assessment until the time fixed by the superintendent of the banks; the right of action did not accrue, therefore, until September 6th, 1932, and the action brought on August 12th, 1938, was within the period designated by our statute of limitations.

An order will be entered accordingly.