515 A.2d 231

**Ruth Ann McCLAYTON**

**v.**

**William Robert McCLAYTON.**

**No. 535, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Oct. 8, 1986.

616

James G. Beach, Jr. (Richard J. Gilbert, on the brief), Towson, for appellant.

James N. Phillips (John W. Sloan, on the brief), Baltimore, for appellee.

Argued before WEANT, ALPERT and BLOOM, JJ.

BLOOM, Judge.

At issue in this appeal is the propriety of the action of the lower court in making a monetary award in a divorce case payable in future installments, reducing the award to judgment, and then, more than thirty days thereafter, "defining" the judgment as carrying no interest except as to installments not paid when due.

Ruth Ann McClayton, appellant, and William R. McClayton, appellee, were divorced *a vinculo matrimonii* by a decree of the Circuit Court for Baltimore County on 31 October 1985. That decree expressly reserved to the court the power to make later dispositions with respect to the issues of marital property, alimony, monetary award, costs, and counsel fees. Pursuant to this reservation, the court, by judgment dated 3 December 1985, granted appellant, *inter alia*, a monetary award in the following language.

"The Plaintiff and Cross-Defendant be and she is hereby awarded a monetary award in the amount of Two Hundred Fifty-One Thousand Eight Hundred Six Dollars and Seventy-nine Cents ($251,806.79), Fifty-One Thousand, Eight Hundred Six Dollars and Seventy-nine Cents ($51,806.79) thereof representing her interest in the real estate owned by the parties as tenants by the entireties.

"Two Hundred Thousand Dollars ($200,000.00) of the monetary award is hereby reduced to judgment and to be paid by the Defendant and Cross-Plaintiff to the Plaintiff and Cross-Defendant in the following manner: Fifty Thousand Dollars ($50,000.00) to be paid within sixty (60) days from the date hereof; thereafter, the Defendant and Cross-Plaintiff shall pay to the Plaintiff and Cross-De-

fendant the sum of Fifty Thousand Dollars ($50,000.00) one year from the date hereof and the sum of Twenty-Five Thousand Dollars ($25,000.00) per year for the next four (4) years thereafter. The balance of the monetary award will be received upon settlement of sale of the marital home."

Upon timely payment of the first $50,000.00, appellant made demand for interest (60 days interest on $200,000.00 at 10% per annum) which she claimed was due on the judgment. When appellee refused to pay interest, appellant caused a Writ of Garnishment to be issued and attached bank accounts of appellee in order to recover the interest she claimed was due.

On March 5, 1986, appellee filed a Petition to Define and Modify Judgment and Quash Writ of Attachment. There was a hearing on that petition on 16 April 1986. After explaining from the bench in open court that in balancing the equities in this case he did not intend that any of the sums awarded appellant would bear interest until due and payable under the schedule of payments set forth in the judgment of 3 December 1985, the Chancellor granted the Petition to Define Judgment and Quash Writ of Attachment and denied the Petition to Modify Judgment. An order to that effect was signed on 1 May 1986, the pertinent part of which states:

"ORDERED: That the Petition to Modify Judgment is denied, the Petition to Define Judgment is granted and the Judgment, as defined in oral statement in open Court, means that each of the sums set forth in paragraph 3 of the Judgment of December 3, 1985 shall become an enforceable judgment and collectible and shall bear interest at the statutory rate only on and after the date set forth in said paragraph on which said sum is payable. No interest is payable on any of said sums until the due date has passed; and interest shall then be payable on any amount unpaid on the due date set forth in said paragraph with respect to said amount, said interest to run from the due date."

Appellant contends that the trial court erred or abused its discretion when it modified the judgment of December 3, 1985, and that she is entitled to post-judgment interest on that part of the monetary award reduced to judgment. Appellant urges that since Maryland Rule 2–604(b) mandates that "a money judgment shall bear interest at the rate prescribed by law[1] from the date of entry," any modification of the lower court's judgment of December 3, 1985, would have had to comply with Md. Rules 2–534 and 2–535 governing amendments of judgments and the exercise of the court's revisory power over judgments, respectively. Appellant urges there was no such compliance.

■ Rule 2–534 provides in pertinent part that "[i]n an action tried by the court, on motion of any party filed within 10 days after entry of judgment, the court may … amend the judgment, or may enter a new judgment…." In the case *sub judice*, appellee's motion was filed approximately three months after the order of 3 December 1985. Thus, it is clear the court would not have had the authority to amend the judgment pursuant to Rule 2–534.

■ Rule 2–535(a), defining the court's revisory power over judgments, provides that "[o]n motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and, if the action was tried before the court, [the court] may take any action that it could have taken under Rule 2–534" had a motion been filed within 2–534's ten day time limit. Section (b) of Md. Rule 2–535 further provides that where a motion is filed more than 30 days after entry of judgment, the court may exercise its revisory power and control over a judgment only in cases of fraud, mistake or irregularity. In the case at hand, there was no suggestion of fraud. Neither was there any mistake within the meaning of the rule, which has been defined as a jurisdictional mistake, not

---

**1.** Ten percent (10%) per annum. Md.Cts. & Jud.Proc.Code Ann., § 11–107(a).

a unilateral error of judgment on the part of one of the parties. *Hamilos v. Hamilos*, 52 Md.App. 488, 497, 450 A.2d 1316 (1982), *aff'd*, 297 Md. 99, 465 A.2d 445 (1983).

Section (d) of Rule 2–535 authorizes the court, on its own initiative or on the motion of a party, to correct a clerical mistake in a judgment at any time, but there is no suggestion here that any clerical mistake was made in the entry of the judgment of 3 December 1985.

For the reasons discussed below, we believe that in reducing the monetary award to a separate money judgment the court exceeded its statutory authority. Consequently, that portion of the 3 December 1985 judgment granting the monetary award was, if not a total nullity, at least an "irregularity" within the meaning of Rule 2–535(b). As the Court of Appeals has repeatedly noted, "an irregularity which will permit a court to exercise revisory powers over an enrolled judgment has been consistently defined as the doing or not doing of that, in the conduct of a suit at law, which, conformable to the practice of the court, ought or ought not to be done." *Weitz v. MacKenzie*, 273 Md. 628, 631, 331 A.2d 291 (1975); *Cohen v. Investors Funding Corp.*, 267 Md. 537, 539, 298 A.2d 154 (1973). *See also Hamilos, supra*, 52 Md.App. at 497–8, 450 A.2d 1316. In either case, the lower court's subsequent actions on 1 May 1986 to "define" its judgment of 3 December 1985 were ineffective.

Prior to the abolition of the procedural distinctions between law and equity, former Rule 642, applicable only to actions at law, provided that a judgment by confession or default carried interest from date of rendition; a judgment on verdict carried interest from date of verdict; and a judgment *nisi* entered by the court following a special verdict or trial by the court without a jury carried interest from the date of entry of the judgment *nisi*. This was perfectly logical, of course, since a judgment at law is normally based upon a determination that money is due and owing. The purpose of Rule 642, as stated in *City of*

*Baltimore v. Kelso,* 294 Md. 267, 271, 449 A.2d 406 (1982) was "to compensate the judgment creditor for the loss of the monies due and owing to him by the judgment debtor from the time the judgment is entered until it is paid." In fashioning an equity decree for the payment of money, however, the chancellor was not restricted to an award of a money judgment but could order the payment of money *in futuro.* Consequently, prior to the abolition of procedural distinctions between law and equity, there was never any rule comparable to Rule 642 applicable to proceedings in equity. Current Rule 2–604(b), providing for post-judgment interest, is applicable to all civil proceedings.

■■■■ A monetary award, unlike a judgment at law, is not based upon any antecedent debt or obligation, but is a present adjustment of equities existing at the time of the award. In granting such an award, the chancellor's discretion extends not only to the amount of the award but also the method of payment. Md.Fam.Law Code Ann., § 8–205(a) (1984 & 1985 Supp.). The entire award can be made immediately due and payable or all or part of it can be made payable in the future. Subsection (b) of § 8–205 authorizes the court to reduce to a judgment any monetary award granted under § 8–205(a), but only "to the extent that any part of the award is due and owing."

The terms "due" and "due and owing" have been subject to various interpretations depending on the context in which they are used. A debt may be said to be "due" when it is immediately payable. On the other hand, "due" is sometimes used to express a mere state of indebtedness, without reference to the time of payment. In the latter case, the term encompasses obligations payable either *in praesenti* or *in futuro. Furrow v. C.I.R.,* 292 F.2d 604, 606–07 (10th Cir.1961); *United States v. Reis,* 214 F.2d 327, 329 (10th Cir.1954); *Feeser v. Feeser,* 93 Md. 716, 726, 50 A. 406 (1901); *White v. Liskovsky,* 17 N.J.Misc. 8, 3 A.2d 123 (1938). *See also,* 13A *Words and Phrases,* "Due" (1965 & 1986 Supp.).

In cases involving notes, rental obligations, and tax liabilities, "due" is generally synonymous with "payable." *See, e.g., Edelen v. First National Bank of Hagerstown,* 139 Md. 422, 425, 115 A.2d 602 (1921) (notes); *Feeser, supra,* 93 Md. at 725, 50 A. 406 (duebill); *Townsend v. Adams,* 207 Iowa 326, 222 N.W. 878 (1929) (notes); *Cornell v. Maverick Loan & Trust Co.,* 95 Neb. 9, 144 N.W. 1072 (1914) (taxes); *Casareto v. Johnson,* 63 S.D. 460, 260 N.W. 705 (1935) (taxes); *Prentiss v. Kingsley,* 10 Pa. 120 (1848) (rental obligations).

In the context of assignments of monies due, garnishment of debts, and mortgages paid in installments, "due" is often viewed as encompassing unmatured as well as matured liabilities. *See, e.g., Michigan Chandelier Co. v. Morse,* 297 Mich. 41, 297 N.W. 64 (1941) (assignment); *Fowler v. Hoffman,* 31 Mich. 215 (1875) (mortgage); *Fowler v. Johnson,* 26 Minn. 338, 3 N.W. 986 (1880) (mortgage); *Fireman's Fund Insurance Co. v. Walker,* 132 Or. 73, 282 P. 230 (1929) (garnishment); *Ex Parte American Fertilizing Co.,* 122 S.C. 171, 115 S.E. 236 (1922) (mortgage).

The expression "due and owing" is similarly subject to dual meanings, depending on the context in which it is applied. Again, in the case of notes, taxes and rental obligations, the term is generally considered the equivalent of "due and payable." *See, e.g., Mayor and City Council of Baltimore v. Perrin,* 178 Md. 101, 12 A.2d 261 (1940) (taxes); *Frerich v. Abrams,* 97 Wash. 460, 166 P. 792 (1917) (rent). *See also* 13A *Words and Phrases,* "Due and owing" (1965 & 1986 Supp.). On the other hand, it is more frequently considered to include as yet unmatured liabilities in the case of debts secured by mortgage and assignments. *See, e.g., Lobsen v. Young,* 99 N.J.L. 28, 122 A. 618 (1923).

■ The legislative history of the statute in question persuades us that in the context of § 8–205(b) "due and owing" was intended to mean "due and payable." The

report of the Groner Commission [2] accompanying its proposed bill to modify the law affecting the disposition of marital property contained no provision for the reduction of monetary awards to judgment. Rather, it merely contained the general provision, which is now § 8–213, that any order, award, or decree entered under the subtitle (Property Disposition on Divorce and Annulment) may be enforced in accordance with the Maryland Rules. B. Groner, Report of the Governor's Commission on Domestic Relations Law 13 (January 1978). Its summary of the provisions that eventually became current § 8–205 merely referenced the authority of the courts to make monetary awards as an adjustment of the equities and rights of the parties and did not address itself to the nature of judgments pertaining to monetary awards. *Id.* at 9.

■ Senate Bill 604 (1978) originally contained a provision (§ 3–6A–05(c)) that a monetary award *"shall* constitute a judgment." That language was stricken, however, and the current language of § 8–205(b) was substituted for it. 1978 Md.Laws, ch. 794. This change indicates that the Legislature intended that only those decrees for monetary awards then due and owing in the sense of then immediately payable could be reduced to judgments under § 8–205(b). Post-judgment interest, therefore, cannot accrue as to sums not presently payable because judgment may not be entered for such sums.

■ In the case *sub judice,* the 3 December 1985 order attempted to "reduce to judgment" its award of $200,000 while at the same time specifying that those monies were to be payable in future installments. The court, however, had no statutory authority to reduce such a monetary award to a separate judgment. The subsequent action by the court to "define" the purported monetary judgment on 1 May 1986 was improper as there should not have been a separate

---

**2.** The Governor's Commission on Domestic Relations Law, chaired by Beverly Anne Groner, Esq.

money judgment for it to "define." The court's proper action at that time would have been to revise the 3 December 1985 judgment granting the monetary award by striking out the provision reducing the award to "judgment."

We will vacate the judgment and remand the case with instructions to revise the 3 December 1985 judgment accordingly.

JUDGMENT VACATED AND CASE REMANDED FOR ENTRY OF JUDGMENT IN ACCORDANCE WITH THIS OPINION.

COSTS TO BE PAID ONE–HALF BY APPELLANT AND ONE–HALF BY APPELLEE.