## HENRY v. KNOD.

### Opinion delivered March 4, 1905.

STATUTE OF FRAUDS—LAND—ORAL SALE.—A redemption of land sold to the State for taxes by one who claimed to have purchased by verbal sale from the former owner will be set aside at the instance of such former owner.

Appeal from Howard Chancery Court.

WILL P. FEAZEL, Judge.

Reversed.

### STATEMENT BY THE COURT.

One R. H. Henry was the owner of 240 acres of land in Howard County of this State. He permitted 80 acres of this land to be sold to the State for nonpayment of taxes. Afterwards he died leaving a will, by which he devised all his property to his widow, Mary H. Henry, and she took charge of the property, with the exception of the 80 acres that had been forfeited to the State. This sale to the State was invalid, though Mrs. Henry did not know it. She afterwards sold and conveyed the 160 acres that had not been forfeited, and all the personal property, to Mrs. Ida Knod, for the consideration of $400. The purchase was made by Paul Knod, acting as agent for his wife. Knod afterwards redeemed the 80 acres that had been forfeited to the State, he claiming that he had purchased that tract along with the other land. He made an affidavit to that effect before the Commissioner of State Lands, and paid to the

State the sum of $7.27, the amount required to redeem the land. Thereupon the land commissioner executed and delivered to him a redemption deed, conveying to his wife, Ida Knod, the interest of the State in such land. Afterwards Mrs. Henry, by her son, tendered to Knod the amount paid to redeem the land, and then brought this action to cancel said deed as a cloud upon her title.

Knod and his wife filed an answer, in which they alleged that the right to redeem this land and her interest therein was sold to them at the time the other land was sold, and was a part of the property for which they paid the $400 to the plaintiff.

On the hearing the depositions of Mrs. Henry and her son, who was of age, were read on the part of the plaintiff to the effect that the 80 acres in question were not included in the sale; while the depositions of Knod, his wife and son, tended to show that all the land owned by Mrs. Henry was sold. Knod testified that he paid $100 for the personal property, and $300 for the land, but admitted that he had no written evidence to show that the 80 acres were included in the sale, and in reference to that he made the following explanation:

"This 80 acres was not included in the bond for title or deed, because the plaintiff said she had no right to it, and said that she couldn't give a deed of any kind to it. I made the trade, considering that I was to get all the lands and all the interests for $300. In making the trade I considered that I was paying for the 240 acres at the rate of $1.25 per acre. Mrs. Henry didn't sell me the 80 acres at all, but just gave me the privilege of redeeming it. She gave me no writing, waiving her right of redemption. Everything that was said or done about the 80 acres in controversy was oral. No writing passed at all concerning it."

Mrs. Henry on her part testified that no reference was made to the 80 acres at all, and that she never even thought of it.

The court found that the forfeiture of the land to the State was "erroneous;" that the sale of the right to redeem the land did not come within the statute of frauds; that the plaintiff had sold the defendant the right to redeem the land. He therefore found in favor of the defendants, and dismissed the complaint

of the plaintiff, and enjoined her from interfering with possession and rights of the defendants in said land.

Plaintiffs appealed.

*Feazel & Bishop,* for appellant.

There was no compliance with subdivisions 4 and 5 of section 3469, Sand. & H. Dig.   52 Ark. 207; 44 L. R. A. 388; 124 N. Y. 538; 79 Cal. 525; 102 Mo. 186; 88 Cal. 434; 86 Ky. 93; 126 Ill. 228; 84 Cal. 249; 70 Tex. 18; 89 Ala. 572; 72 Ia. 63; 121 Ill. 469; 104 Ia. 423.

*W. D. Lee,* for appellees.

The complaint should have been dismissed.   51 Ark. 397. The chancellor's findings were correct.   52 Ark. 132, 207; 49 Ark. 551.   Plaintiff was estopped from denying the forfeiture. 165 Pa. St. 290; 61 N. W. 916; 131 Mo. 258; 41 Neb. 721.

RIDDICK, J., (after stating the facts.)   This is an action by plaintiff to cancel and set aside a redemption deed made by the Commissioner of State Lands, conveying to the defendant the interests of the State in said land.   It is conceded that the forfeiture of the land for nonpayment of taxes, upon which the claim of the State was based, was invalid.   The deed of the State therefore conveyed no title to the defendants, and the only effect of that deed was to remove the lien for taxes which the State held on the land.   But the court held that the plaintiff had sold the right to redeem the land to defendant, and could not therefore question the validity of the defendant's title.

Now, as to whether the plaintiff intended to dispose of her interests in this 80-acre tract along with the other property, the evidence is very conflicting.   At the time of the sale the plaintiff, Mrs. Henry, had title to this land, and it is admitted by defendant that she made no written contract in reference to this land.   A bond for title was given for the other land bought at the time defendant claims that he purchased this tract, and a deed was afterwards executed in pursuance of said contract, but no reference whatever was made to this tract, which is wild and unoccupied land.

As the defendant claims this land by purchase from the plaintiff, and as he has neither contract nor memorandum in writing, the case falls squarely within the provisions of the statute

of frauds. The case here is very different from the case of *Baze-more* v. *Mullins*, 52 Ark. 207, where the purchaser of the equity of redemption already held the legal title.

On the whole case, we think that the decree should have been in favor of the plaintiff.

Judgment reversed, and cause remanded, with an order that a decree be entered quieting the title of the plaintiff, upon the payment by her to Knod of amount paid by him to redeem, with subsequent taxes and interest.