WAGNER, Appellant, v. ABRAHAMS et al, Respondents.

(168 N. W. 762).

(File No. 4355.     Opinion filed Sept. 3, 1918.     Rehearing granted November 29, 1918).

1. **Mortgages—Redemption—Inadequate Payment for Time Extension—Sheriff's Certificate, Conclusiveness Of—Statute.**
   Payment, by an assignee of a sheriff's mortgage foreclosure certificate of sale, of an amount falling short of that required

by Code Civ. Proc., Sec. 646, as a condition for extension of redemption period for one year from date of sale, by interest from sale date to date of such payment, the sheriff having issued statutory certificate of payment, effectuates such extension; since such certificate, under said statute, is made conclusive evidence of payment of the amount necessary to extend the period; and it is to the sheriff, not to redemptioner, that the holder of certificate of sale must look for his money.

2.  **Same—Statutory Certificate of Extension of Time on Inadequate Payment—Equitable Relief, Payment of Deficit as Condition.**

Where the holder of a mortgage foreclosure certificate of sale had, through an inadequate payment under Code Civ. Proc., Sec. 646, effectuated extension for one year of time for redemption from the sale, through sheriff's certificate of payment made conclusive proof of such payment, the redemptioner, in a suit to redeem, should pay as terms for equitable relief to holder of the certificate of sale, the deficit he should have paid to sheriff.

Appeal from Circuit Court, Tripp County. Hon. William Williamson, Judge.

Action by Thomas J. Wagner, against Henry J. Abrahams and E. A. Dwyer, as Sheriff of Tripp County, S. D., to redeem land from mortgage foreclosure sale. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Reversed, and remanded, with directions.

*Doherty & Talbott,* for Appellant.

*Charles A. Davis,* and *W. J. Hooper,* for Respondents.

(2) To point two of the opinion, Appellant cited:

Breckridge vs. Brooks, 11 (Ky.) 360; Kofoed vs. Gordon, 122 (Cal.) 314, 54 Pac. 1115.

POLLEY, J. This is a suit in equity, brought in Tripp county by plaintiff to redeem a quarter section of land from mortgage foreclosure sale.

On the 1st day of October, 1910, the owners of the land in question gave defendant their promissory note for the sum of $1,200, payable on the 1st day of July, 1915. Said not bore interest at the rate of 6 per cent. per annum, which interest was evidenced by coupon notes attached thereto. The mortgage in question was given to secure the payment of this note and interest. The note contained the following provisions.

"This note to draw 12 per cent. interest per annum after default in payment of principal or interest."

The coupons provided for the payment of 12 per cent. interest after maturity. In the mortgage is found the following provision:

"Provided, however, that in case of default in the payment of either interest, the whole indebtedness secured by this indenture shall draw interest at the rate of 12 per cent. per annum, according to the terms of this indenture. * * * The mortgagors agree that a failure to pay any of said money, either principal or interest, when due, or a failure to pay the taxes or to insure the buildings as herein agreed, or a failure to comply with any of the foregoing conditions or agreements shall cause the whole sum, both principal and interest, to become due and collectible at once, and this mortgage may thereupon be foreclosed immediately by action or by advertisement * * * for the whole of said interest and costs."

The mortgagors defaulted in the payment of the installment of interest that fell due on the 1st day of July, 1914, and, on the 25th day of the following February, the mortgagee proceeded to foreclose said mortgage by advertisement. At the foreclosure sale, the mortgagee bid in the mortgaged property for the full amount then due, including principal, interest, and costs. No attempt was made to redeem from said sale; but on the last day of the period of redemption, appellant, having purchased the mortgagor's equity in the land, undertook to extend the period of redemption as provided for by section 646, Code of Civil Procedure. At the time of the execution of the note and mortgage, said section contained the following provision:

"That if at the expiration of one year from the date of sale the mortgagor or his successor in interest shall pay all taxes due on the land and all interest due under the provisions of the mortgage and interest for one year in advance, then the time of redemption shall be extended for one year. Such payment shall be evidenced by the certificate of the sheriff or holder of the certificate of sale duly acknowledged, which shall be recorded in the office of the register of deeds and such certificate, or the record thereof, or a certified of the record, shall be conclusive proof of such payment."

In his attempt to extend the period of redemption, appellant paid all the taxes due on the land at that time and paid the interest that had accrued on the principal prior to the date of the foreclo-

sure sale, at the rate of 12 per cent. per annum, paid 6 per cent. per annum on the principal during the year of redemption, but, by an oversight on the part of both appellant and the sheriff, omitted to pay the interest on the principal for the year of extension. The sheriff issued to appellant his certificate to the effect that the amount necessary to extend the period of redemption as provided by section 646 had been paid. This certificate was recorded as provided by said section. The failure to pay interest on the principal for the year of extension was discovered by appellant, and, on the 25th day of April, 1916, he paid to the sheriff the amount of the interest on said sum computed at 6 per cent. per annum.

[1] The trial court held that as appellant did not, within the year of redemption, pay to the sheriff the full amount necessary to secure the extension, he could not be allowed to pay the balance at a later date and denied the appellant the right to redeem. In so holding the trial court was in error. It will be noted that section 646 makes the sheriff's certificate "conclusive proof of such payment." And "such payment" means the amount requisite under the provisions of the statute to extend the period of redemption. Under this provision of the statute, it is the duty of the sheriff to compute the interest and determine the correct amount necessary to procure the extension; and it is to the sheriff and not to the redemptioner that the holder of the sheriff's certificate of sale must look for his money. It would be a manifest injustice to the redemptioner to permit the sheriff to accept a certain sum as sufficient to procure an extension and to issue the certificate mentioned in section 646, and then, after the period of redemption and the right of securing an extension had expired, hold that the amount paid was too small, and in that way deprive the mortgagor of his right to redeem. To do this would work a fraud upon the redemptioner. It was to prevent just such a situation as this that the provision making the sheriff's certificate conclusive proof of payment was inserted into section 646. If the amount paid or tendered by the redemptioner is not, in the judgment of the sheriff, sufficient to effect an extension, he should refuse to accept such sum or to issue his certificate and give the redemptioner an opportunity to pay the correct amount before the time for redemption has expired.

[2] In this case, the appellant having paid the sheriff an amount believed to be sufficient to entitle him to an extension, and the sheriff having accepted the same and issued his certificate

showing that such extension had been effected, he was entitled to the extension; but, inasmuch as appellant is in a court of equity asking for equitable relief, it would be only just that he pay to the respondents, or either of them, the amount necessary to redeem.

The judgment and order appealed from are reversed, and the cause is remanded to the trial court, with directions to that court to ascertain the correct amount necessary to effect a redemption and to grant appellant the relief prayed for in his complaint.