WAGNER, Appellant v. ABRAHAMS et al, Respondents.

(171 N. W. 202)

(File No. 4353.   Opinion filed March 12, 1919.)

1.  **Mortgages—Foreclosures—Redemption Period, Sheriff's Certificate Extending, Conclusiveness Of—Statute**

For reasons stated in former opinion (40 S. D. 575, 168 N. W. 762,) holding that the statutory provision that the sheriff's certificate evidencing payment of taxes on the mortgaged land and one year's interest in advance, "is conclusive of such payment" (Code Civ. Proc., Sec. 646,) is adhered to.

2.  **Same—Amount Necessary to Redeem—Inconclusiveness of Sheriff's Certificate—Inadequate Payment for Extension, Credit for on Redemption.**

In determining the amount necessary to redeem from foreclosure of a realty mortgage under said Sec. 646, sheriff's certificate re extension of time to redeem is not conclusive that the full amount of interest covering periods specified in said section has been paid; hence, upon redemption, redemptioner is entitled to credit on amount necessary to redeem, of an inadequate amount paid to obtain such extension.  **Held,** further, that the amount necessary to redeem is that for which property was sold on foreclosure, with interest at 7%, and the amount of necessary assessment of taxes purchaser may have paid after purchase, with interest at the same rate (Secs. 646, 376.)

Appeal from Circuit Court, Tripp County.  Hon. WILLIAM WILLIAMSON, Judge.

On rehearing.  Former opinion reversing the decision of trial court, affirmed.

For former opinion, see 40 S. D. 575, 168 N. W. 762.

*Doherty & Talbott,* for Appellant.

*Charles A. Davis,* and *W. J. Hooper,* for Respondent.

SMITH, P. J.  This case is before us on rehearing.  The original decision will be found in 168 N. W. 762.

Rehearing was granted upon two questions:

First.  Is the certificate of the sheriff, or the certificate of the purchaser at the foreclosure sale, or his assignee, evidencing the payment of all taxes due on the land, and of all interest due under the provisions of the mortgage, and one year's interest in advance, conclusive of the payment of the amount required by section 646 Code of Civil Procedure, to entitle redemptioner to an extension of the period of redemption?

Second.   If such certificate is conclusive of such extension, then what amount must be finally paid to redeem?

[1] For the reasons stated in our former opinion, we are satisfied the Legislature intended exactly what it said in language so plain that it needs no interpretation: "Such certificate is conclusive of such payment," namely, *the payment required by the statute*.   The extention of the period of redemption is therefore conclusively established in this case.   But it is equally clear that the amount necessary to redeem is in no manner controlled by the provision under which an extension of the period of redemption may be obtained.   For the purpose of determining the amount necessary to redeem, the certificate of the sheriff is not conclusive that the full amount of interest covering the periods specified in section 646, supra, has been paid. .

[2] The redemptioner is therefore entitled to a credit on the amount necessary to redeem, of the amount actually paid to obtain the extension.   The amount necessary to redeem is the amount for which the property was sold at the foreclosure sale, with interest at 7 per cent., and the amount of any assessment of taxes which the purchaser may have paid after the purchase, with interest at the same rate.   Code Civ. Proc. §§ 376, 646.

This seems clear, when it is remembered that the amount for which the property sells at a foreclosure sale may be less than the amount due on the mortgage.   It is unnecessary in this case to determine the amount due under the provisions of the mortgage, as the only question before us is as to the amount necessary to redeem.

We therefore affirm our former decision.