TURLEY v. ST. FRANCIS COUNTY ROAD IMPROVEMENT
DISTRICT No. 4.

Opinion delivered October 11, 1926.

1. TAXATION—SALES—EXTINGUISHMENT OF ROAD TAX LIEN.—Special
   road tax lien secured by Crawford & Moses' Dig., § 5433, *held* not
   extinguished by a sale under the State's lien for general taxes.

2. TAXATION—ENFORCEMENT OF ROAD TAX LIEN.—Sale to the State
   of lands for nonpayment of general taxes suspends the enforce-
   ment of the special road tax lien so long as the title remains in
   the State; but such lien, under Crawford & Moses' Dig., § 5433,
   may be enforced when the land goes back to private ownership.

Appeal from St. Francis Chancery Court; *John E.
Martineau,* Chancellor on exchange of circuits; affirmed.

*C. W. Norton,* for appellant.

*M. B. Norfleet, Jr.,* for appellee.

McCULLOCH, C. J. St. Francis County Road Improve-
ment District No. 4 was organized under general
statutes of the State (Crawford & Moses' Digest, § 5399
*et seq.*) authorizing the creation of improvement districts
by order of the county court on petition of owners of
property. The statute authorizes the collection of spe-
cial taxes upon assessed benefits, payable in installments,
and the foreclosure of the tax lien by action in the chan-
cery court. A section of the statute (Crawford & Moses'
Digest, § 5433) provides, in part, as follows:

"The tax so levied shall be a lien upon all the real
property in the district from the time same is levied by
the county court, and shall be entitled to preference over
all demands, executions, incumbrances or liens whatso-
ever created, and shall continue until such assessments,
with penalty and costs that may accrue thereon, have
been paid."

The present action was instituted in the chancery
court of St. Francis County by the commissioners of
the district to foreclose liens for delinquent taxes for
the years 1923, 1924 and 1925 on certain lands in the
district, including two tracts to which title is claimed
by appellants. These two tracts of land were sold by the

county tax collector in the year 1922 for the general taxes assessed against the same for the year 1921, and, there being no bidders, the lands were knocked off to the State, and, not being redeemed within two years, were certified to the State as forfeited lands. Appellants purchased the State's title, and received a deed from the Commissioner of State Lands. Appellants appeared in this action and defended against the asserted lien of the road district on the ground that the sale for general taxes extinguished the lien of the road district for the special taxes and vested an absolute title in appellants as purchasers, against all such liens. They asked that their title be quieted as against all of the special taxes levied by the district, both delinquent and immature. The cause was heard by the chancery court upon an agreed statement of facts, which presents the sole question whether, as contended by appellants, the sale by the State for general taxes extinguished the lien for improvement district taxes and vested the title in the purchaser at the tax sale, free of all such antecedent liens. The chancery court decided the question in favor of appellee, holding that the special tax liens were not extinguished by the sale under the State's lien for general taxes, and that the sale under foreclosure of either one of the liens did not operate as an extinguishment of the other lien, but that the title obtained by the purchaser under such sale was subject to the other lien and subject to the right to redeem therefrom. The court in its decree dismissed the complaint of appellants for want of equity and declared a lien in favor of the road district for the unpaid delinquent taxes for the years 1923, 1924 and 1925, and ordered a sale of the lands if the amount decreed be not paid within the time specified in the decree. Appellants were given the right to redeem within a specified time. Our conclusion is that the decision of the chancery court was correct.

Counsel for appellants rests his case entirely upon the theory—an obviously sound one—that the State's sovereign power of taxation is paramount and that all

other liens are subordinate to it. It is declared in the Constitution of the State that "the State's ancient right of eminent domain and of taxation is herein fully and expressly conceded" * * * (art. 2, § 23, Constitution of 1874), but it does not follow that it is beyond the power of the lawmakers of the State to provide, in the enforcement of the State's lien for taxes, for due recognition of other charges against the taxed lands. Such provision does not operate as an exemption from taxation, and therefore does not offend against the Constitution. *Gould v. St. Paul,* 110 Minn. 324. Such a provision falls within the general power of the lawmakers to control without hindrance, except such restrictions as are expressly imposed in the Constitution, all the revenues of the State and its subordinate branches. *Sanderson v. Texarkana,* 103 Ark. 529, 146 S. W. 105; *Cone v. Hope-Fulton-Emmett Rd. Imp. District,* 169 Ark. 1032, 277 S. W. 544.

In § 2, act of March 27, 1925 (Acts 1925, p. 781), the lawmakers, in the exercise of their authority, have provided for coordinate enforcement of liens of the State for general taxes and improvement districts in recognition of the continuation of both liens. That section reads as follows:

"Section 2. In any sales for delinquent State and county taxes, or sales for improvement district taxes made by improvement districts described in § 1 of this act, or any other improvement districts, the purchaser shall acquire title, subject to the liens of any unpaid State and county taxes and unpaid taxes in improvement districts. Where, at sales for State and county taxes, the lands are struck off to the State, the cost of redemption therefrom shall include all past due and unpaid installments of improvement district taxes, together with their respective penalties and costs, and in all sales to the State of lands forfeited for taxes the price of sale shall not be less than sufficient to pay all State and county taxes, penalties and costs, and all past due improvement district taxes, together with their respective penalties and

costs, and all such sales shall transfer title, subject to the lien of improvement district taxes not due.''

This statute is well within the legislative power, as we have already seen, for it does not amount to an exemption from taxation or to a relinquishment of the State's lien, but merely operates as a continuation of the coordinate lien of one of the State's agencies and establishes a method of preserving each one of the liens without extinguishing the other. That statute, of course, has no application to the present litigation, for it was enacted after the liens were acquired and after appellants had purchased the land in controversy from the State. But we think that the other statute quoted above (Crawford & Moses' Digest, § 5433) is equally potential in continuing the lien of the improvement district and in preventing its extinguishment by a sale for general taxes. The words, ''all demands, executions, incumbrances or liens whatsoever created,'' have no reference to the State's paramount lien for taxes. But the words which follow unmistakably carry the meaning that the special taxes of the improvement district shall continue until fully paid, and are not extinguished. Of course, the forfeiture to the State of lands for general taxes necessarily suspends the enforcement of the special tax lien as long as the title remains in the State, but as the lien, under the terms of the statute, is not extinguished and continues until the special taxes are paid, the same can be enforced when the land goes back into private ownership. This construction of the statute gives full recognition to the State's paramount right of taxation and in nowise detracts from the dignity and power of the State as against subordinate governmental agencies.

In the statute *supra,* in force at the time of the forfeiture of these lands to the State, there was not prescribed any method of redemption in recognition of the continued existence of other liens, as in the recent statute referred to above, but the court in this instance preserved the rights of the parties under the old statute by directing the enforcement of the special tax lien and at the same

time protecting the purchasers from the State by permitting redemption.

The language of this court in *Faulkner Lake Drainage District* v. *Williams,* 169 Ark. 592, 276 S. W. 704, referred to by counsel, is not in conflict with the views now expressed. We merely referred, in that case, to the tax forfeitures as a shrinkage in available revenues of the district, in testing the sufficiency of the revenues for retirement of outstanding bonds as they matured, and we did not say that the liens for the improvement taxes were extinguished by the forfeiture for general taxes.

The decree was correct, and the same is affirmed.