WYATT *v.* BEARD.

Opinion delivered April 1, 1929.

*T. R. Wilson* and *Oscar E. Ellis,* for appellant.

*Coleman & Reeder,* for appellee.

SMITH, J. Appellant filed on June 11, 1928, a complaint, in which he deraigned the title to a tract of land lying within Road Improvement District No. 1 of Izard County from the United States to Amye Cummins, this last conveyance being dated May 29, 1915. He alleged a forfeiture and sale of the land to the State of Arkansas in 1917 for the nonpayment of the 1916 taxes, and the execution of a donation deed from the State Land Commissioner to G. W. Bramlett in 1925, based upon this forfeiture, and the acquisition by plaintiff of Bramlett's title. Plaintiff further alleged that on June 26, 1926, John W. Hall, circuit clerk of Izard County, as com-

missioner of the chancery court, sold the land, under the direction of a decree of the chancery court, for the delinquent improvement district taxes for the years 1923 and 1924, and that on May 18, 1928, which was within less than two years of the date of the commissioner's sale, plaintiff had made a written tender of $8.28, the total amount of taxes, penalty, interest and costs necessary to redeem said land, to the clerk of the chancery court, and demanded a certificate of redemption thereon, which tender and demand were refused by the clerk. Wherefore it was prayed that the certificate of purchase issued by the clerk as commissioner to the purchaser at the sale of the land for delinquent improvement district taxes, with any assignments thereof, be canceled, and that Hall, the clerk, as commissioner, who was made a party defendant, be required to permit a redemption of said land. Attached to the complaint as an exhibit was a written offer to redeem, with a tender of the taxes, etc., made to the chancery clerk as commissioner.

Defendants filed an answer and demurrer. The answer alleged the commissioner's sale to defendant Dillard and the execution of a commissioner's deed to Dillard, which was duly approved by the chancery court, and the conveyance of this title by Dillard to defendant Beard. These deeds were made exhibits to the answer. The demurrer was upon the grounds that the complaint did not state a cause of action; that there was a defect of parties; and that the circuit court was without jurisdiction to grant the relief prayed.

Plaintiff filed a motion to transfer the cause to the chancery court, to the end that the deed from the commissioner to Dillard and that of Dillard to Beard be canceled as clouds upon his title. This motion was granted, and the cause was transferred to equity, where the demurrer to the complaint was heard and sustained, and the cause dismissed. This appeal is from that decree.

For the affirmance of the decree from which this appeal comes it is first insisted that there is a defect

of parties, as the complaint does not show that plaintiff has the right to redeem. This argument is based upon a construction of § 14 of act 674 of the Acts of 1919 (vol. 2 Road Acts 1919, p. 2643), which is the act creating the road improvement district. After providing that the payment of delinquent taxes shall be enforced in the manner provided by §§ 23 and 24 of act No. 279 of the Acts of 1909, it was further provided that "the owner of property sold for taxes thereunder shall have the right to redeem it at any time within two years from the time when his lands have been stricken off by the commissioner making the sale."

It appears from the allegations of the complaint that plaintiff was not the owner of the land at the time of the commissioner's sale, and it is therefore insisted that plaintiff has no right to redeem without making the owner at the time of the sale a party to this proceeding. We do not concur in the view that it was the legislative purpose to give the word "owner" a meaning so restrictive. This portion of the statute is remedial in its nature, and, like all such statutes, should be liberally construed to effect its beneficent purpose. We think the word "owner" as here employed means any person having an interest in or title to the land sold which would be foreclosed by the failure to exercise the right of redemption within the period of two years after the sale for the taxes by the commissioner, and it is immaterial whether this title or interest existed at the time of the commissioner's sale. It suffices if it existed or is acquired before the period of redemption expires.

It appears also that the offer to redeem was made within two years of the date of the sale. There have been amendments to this portion of the act, but they do not shorten the time for redemption below two years. It is argued that the complaint in this cause constituted a collateral attack upon the decree of the chancery court under which the land was sold. We do not agree with learned counsel in this contention. The suit is one

to exercise the statutory right of redemption and to compel the clerk as commissioner to perform his ministerial duty in that behalf. This right may exist and could be exercised without in any manner questioning the validity of the decree of sale, as the statute allows two years for redemption, and the attempt was made to exercise the right within that time.

It is insisted that the offer to redeem and the tender were insufficient to support the suit to redeem, for the reason that there was no offer to refund to the purchaser the amount due him—the tender which was made having been to the clerk as commissioner. The tender made complied with the requirements of the law. Act 445 of the Acts of 1923 (Acts 1923, p. 395) is an act, as its title indicates, to require additional publicity to tax sales of land and sales of land for local improvement assessments. This act provides that, when any lands are sold for delinquent assessments levied by any improvement district now in existence or hereafter created, under a decree of the chancery court, the clerk thereof shall, within ten days after the filing in his office of the report of the commissioner making the sale, prepare and file with the county clerk of the county a certified list of the lands so sold, said list to contain a description of each tract of land under which it was sold, the amount of the taxes, etc. The act further provides that, when any tract of land so sold and certified shall be redeemed from such sale, "the clerk of the chancery court shall certify that fact to the county clerk, who shall make a note thereof on the margin of the list of sales in his office required herein." The purpose of this statute is, not only to facilitate redemptions, but to perpetuate the evidence thereof, and it was substantially complied with by the plaintiff in this case.

In addition to what we have said, it may be added that, under the allegations of the complaint, the sale of the land for the improvement taxes was void for the reason that the title thereto at the time of the sale was

in the State of Arkansas. It was held in the case of *Turley* v. *St. Francis County Road Imp. Dist.*, 171 Ark. 939, 287 S. W. 196 (to quote a syllabus), that: "Sale to the State of lands for nonpayment of general taxes suspends the enforcement of the special road tax lien so long as the title remains in the State; but such lien, under Crawford & Moses' Digest, § 5433, may be enforced when the land goes back to private ownership."

We conclude therefore that the court was in error in sustaining the demurrer to appellant's complaint, and the decree will be reversed, and the cause remanded, with directions to overrule the demurrer.