HOPPER *v.* CHANDLER.

Opinion delivered March 16, 1931.

*E. L. Carter, T. Nathan Nall,* for appellant.

*Isaac McClellan,* for appellee.

MEHAFFY, J. The appellant, D. L. Hopper, began this suit in the Grant Chancery Court alleging that he was the owner of the north half of the northwest quarter of section 17, township 3 south, range 11 west, in Grant County.

On the 18th day of December, 1924, a decree was entered in the case of Road Improvement District No. 4 of Jefferson County v. Certain Delinquent Lands, and said land was condemned to be sold for the delinquent road improvement taxes which had been assessed against it.

On the 13th day of January, 1925, the above described land was sold to plaintiff by the commissioner appointed to make the sale, and a commissioner's deed was executed to appellant by the commissioner and is recorded in Grant County.

The appellee, E. S. Chandler, obtained from the State Land Commissioner, on December 17, 1927, a donation certificate to said land, and thereafter entered into and continues in possession.

The appellant alleged that appellee had cut $100 worth of timber; that he was insolvent, and a judgment against him for damages would be worthless. Appellant also alleged that the forfeiture and sale to the State was void for several reasons set forth in the complaint.

Appellee filed a demurrer to the complaint and also a motion to transfer the case to the law court, and the case was thereafter transferred. The demurrer was overruled, and the appellee filed answer and cross-complaint. The parties afterwards presented the demurrer to the court, which the court sustained, holding that the title was in the State at the time of the sale by the commissioner to appellant, the lands having been forfeited to the State to pay taxes for 1920.

It is the contention of the appellant that the sale to the State of Arkansas by the collector of Grant County for the delinquent taxes of 1920, on the 2d Monday in June, 1921, was void and conveyed no title to the State. The appellant claimed title under a deed from the commissioner appointed by the chancery court, on the 13th day of January, 1925, the land having been sold in a proceeding in said court, in which the Road Improvement District No. 4 was plaintiff and the Delinquent Lands were defendants.

The appellee obtained his donation certificate from the State Land Office based on a forfeiture and certification to the State December 17, 1927.

Appellant concedes that, if the forfeiture and sale to the State was valid, then the State had the superior title when the appellant acquired his title. In other words, it is conceded that, if the State had title when the land was ordered sold by the decree of the chancery court, the appellant would have no right to maintain the suit, because the forfeiture to the State necessarily suspends the enforcement of the special tax lien as long as the title remains in the State.

This court has said: ''Of course the forfeiture to the State of lands for general taxes necessarily suspends the enforcement of the special tax lien as long as the title remains in the State, but, as the lien under the terms of the statute is not extinguished and continues until the special taxes are paid, the same can be enforced when the land goes back into private ownership. This con-

struction of the statute gives full recognition to the State's paramount right of taxation and in nowise detracts from the dignity and power of the State as against subordinate governmental agencies." *Turley* v. *St. Francis County Road Imp. Dist.*, 171 Ark. 939, 287 S. W. 196; *Wyatt* v. *Beard*, 179 Ark. 305, 15 S. W. (2d) 990.

It is contended, however, by appellant that these cases have no application because sales referred to in them were valid sales, and the sale involved in this case by the State is void. The appellant, however, in his statement of facts, says that this land was sold to the State of Arkansas by the collector of Grant County on the second Monday in June, 1921, for the delinquent State and county taxes for the year 1920, and was certified to the State Land Office in 1923 as State land. It will be observed that the contention is that the sale is void, and there is no contention that the taxes were not due. The taxes therefore were due the State, and the State had a lien on the land for same, and no one could acquire the land free from the lien of the State for taxes. It was after the lands had been certified that appellant purchased the land under a decree of the chancery court, and he does not claim that he had ever paid the taxes, and he had no interest in the land according to his own pleadings at the time of the forfeiture and sale.

"No person can question the validity of a tax sale unless he can first show that he, or those under whom he claims, had some title to the property at the time of the sale." 26 R. C. L. 446.

"It is conceded that the forfeiture of the land for nonpayment of taxes upon which the claim of the State was based was invalid. At the time of the sale the plaintiff, Mrs. Henry, had title to this land, and it is admitted by the defendant that she made no written contract in reference to this land." *Henry* v. *Knod*, 74 Ark. 390, 85 S. W. 1130.

Knod claimed to have bought the land under an oral contract. The court found that the sale to the State

was invalid, but that Knod's purchase was against the statute of frauds and void, and he therefore had no right to redeem.

"In order to question the validity of the tax title, the plaintiff must show that those under whom it holds were the owners of the land or had some interest in it at the time it was sold for taxes." *Osceola Land Co.* v. *Chicago Mill & Lbr. Co.*, 84 Ark. 1, 103 S. W. 609.

At the time of the sale for taxes the appellant had no interest and claimed no interest, and, so far as the record shows, there were no assessments due to Improvement District No. 4, at the time this land was certified to the State. It therefore appears that at the time of the forfeiture and sale for taxes neither the appellant nor the improvement district had any claim against this land, and, as the title was apparently in the State at the time of the sale under the decree of the chancery court, the chancery sale was void, and the court below was correct in so holding, and the decree must therefore be affirmed, and it is so ordered.