CASARETO, Appellant, v. JOHNSON, et al, Respondents.

(260 N. W. 705.)

(File No. 7663. Opinion filed May 4, 1935.)

*Parliman & Parliman,* of Sioux Falls, for Appellant.

*Danforth & Davenport* and *Tom Kirby,* all of Sioux Falls, for Respondents.

ROBERTS, J. This is an action against defendant Johnson as sheriff of Minnehaha county and the surety upon his official bond. Plaintiff appeals from a judgment rendered for defendants and also from an order denying his motion for a new trial.

The facts upon which there is no controversy are that the plaintiff foreclosed a mortgage on real property situate within the city of Sioux Falls, and a sheriff's certificate of sale was issued to him. On April 11, 1931, the last day of the period of redemption, the mortgagor paid to defendant Johnson as sheriff the sum of $3,958.63, which was sufficient to pay past-due interest on the mortgage, interest at 7 per cent for one year from date of sale upon the amount for which the property sold, interest upon the principal for one year in advance, and all costs of foreclosure. At the time of such payment the first half of the taxes on the property for the year 1930 was paid, but the last half of the taxes for that year was not included in the payment to the sheriff. The mortgagor without objection accepted the redemption money and made no objection to the occupancy of the premises by the mortgagor. After the issuance of a sheriff's deed plaintiff paid the last half of the taxes for 1930 and brought this action against the sheriff and his surety to recover the amount paid together with interest.

The trial court found that plaintiff accepted the amount of redemption money without making any protest and acquiesced in the possession of the premises by the mortgagor for one year; that the

rental value of the premises during the year amounted to $1,800; and that plaintiff benefited by the transaction. The court concluded that the plaintiff was estopped from asserting a claim or demand against the defendants.

Section 2887, Rev. Code 1919, as amended by chapter 164, Laws 1927, provides that a partial redemption may be made and the period of redemption extended one year by paying "(1) All taxes due upon the land; (2) all interest due on the mortgage at the date of sale; (3) interest at 7% for one year from date of sale upon the total amount sold for; (4) interest upon the principal of the mortgage for one year in advance at the rate of interest originally provided for in the mortgage before maturity; (5) all costs of foreclosure as set forth in the sheriff's affidavit of sale." This statute further provides that the payment shall be evidenced by the certificate of the sheriff or the holder of the certificate of sale duly acknowledged "which shall be recorded in the office of the Register of Deeds, and such certificate, or the record thereof, or a certified copy of the record, shall be conclusive proof of such payment." Provisions for extending the period of redemption were originally enacted as part of chapter 140, Laws 1893, and embraced the requirement of paying "all taxes due upon the land."

It is the contention of counsel for the defendants that payment of the tax involved could not have been enforced when the partial redemption certificate was issued by the sheriff and that the tax being unenforceable was not in fact due. Section 6760, Rev. Code 1919, provides that no demand of payment of taxes shall be necessary, but it is the duty of every person subject to taxation to make payment to the county treasurer. Section 6758, Rev. Code 1919, provides that "all taxes shall become due on the first day of January" of the year following that in which the taxes are assessed. At the time of the inception of the provisions with reference to the extension of the period of redemption which became a part of section 2887, Rev. Code 1919, it was provided by section 96, chapter 14, Laws 1891, that "all taxes shall become due on the first day of December of each year." This provision, having been amended by chapter 350 Laws 1913, to make taxes due on the 1st of January of the year following their assessment, was re-enacted as a part of section 6758, Rev. Code 1919. At the time of the original enactment in 1893 of provisions with reference to exten-

sion of period of redemption, there was no statutory provision permitting payment of taxes in installments; the law merely provided that all unpaid taxes became delinquent on the 1st day of March. Section 97, chap. 14, Laws 1891. Payment of taxes in installments, had its origin in this state in the provisions of chapter 42, Laws 1899, which provided that if a taxpayer made payment of one-half of his taxes on or before the 1st day of March, the balance did not become delinquent until the 1st day of October thereafter. At the time of the issuance of partial redemption certificate to plaintiff, similar provisions were in effect, providing that if any person paid one-half of the taxes due from him on or before the 30th day of April, the balance did not become delinquent until the 1st day of November next following. Section 6761, Rev. Code 1919, as amended by chapter 87, Laws 1925. It may be added that the 1933 Legislature by chapter 197 (section 1) amended this section to provide that the second installment does not become delinquent until the 1st day of November, notwithstanding no payment is made on or before the 30th day of April.

The word "due" in Black's Law Dictionary is defined as "owing; payable; justly due; * * * that which the law or justice requires to be paid or done." It has a number of meanings, dependent upon the connection in which it is used. 19 C. J. 818. This term as used in the statutes pertaining to the collection of taxes has reference to the interval of time when taxes are payable and the lien thereof may be discharged without interest and penalty. If a tax cannot be deemed to become due until collection may be enforced if not paid, the sale proceedings in December would be determinative. Sections 6785-6797, Rev. Code 1919. But the fact that collection may not be enforced does not mean that taxes may not be sooner due and payable. The word "delinquent," as used in section 6761, Rev. Code 1919, and provisions amendatory thereto, clearly has reference to taxes which are overdue and unpaid. Jenswold v. Minnesota Canal Co., 93 Minn. 382, 101 N. W. 603; Tallman v. Board of Com'rs, 185 Ark. 851, 49 S. W. (2d) 1039.

Counsel contend that section 2887 should not be literally interpreted, but should be given a reasonable and liberal construction and should be construed with reference to other statutory provisions. Attention is directed by counsel for defendants to the pro-

visions of section 2888, Rev. Code 1919, as amended by chapter 223, Laws 1923, which provides that the purchaser at a foreclosure sale during the year or years of redemption may pay "delinquent" taxes and give notice of such payment to the sheriff and from the time of the service of notice "the sheriff, before issuing any redemption certificate, must collect the full amount specified" in the notice. Counsel urge that the word "due" in section 2887 should be construed as synonymous with "delinquent"; that an intention should not be attributed to the Legislature to enact a statute imposing a greater burden upon a partial redemptioner than that imposed upon an ordinary taxpayer.

It is sufficient refutation of this contention to say that if the Legislature had not intended to require payment of taxes that were due but not delinquent to secure an extension of the period of redemption, it would have used language to indicate such purpose. In our tax statutes there is a well-recognized difference in meaning between the words "due" and "delinquent," and it does not appear from this statute that a different meaning was intended by the Legislature in its enactment.

We are unable to agree with the conclusion of the trial court from the evidence before us that the plaintiff is estopped from asserting any claim or demand against the defendants. The only evidence in the record in support of the claim of estoppel is that of plaintiff called as an adverse witness: "I am the plaintiff in this case. I am the man who is the owner of the property in question. I received sometime in April, 1931, from Mr. Johnson or through my attorney Three Thousand Nine Hundred Fifty-eight and 63-100 Dollars. I made no objection to Mr. Johnson, the Sheriff, when I received that money. I did not say anything to Mr. Johnson about any unpaid taxes when I took the money and kept it. I just took the money my attorney gave me in the matter. I left Mr. Hyde who then had a deed to the property in possession of the property for a year after this certificate. I made no objection to him or tried to put him out during that year. This property has a business block on it and the rental value of it is about one hundred fifty dollars a month."

Plaintiff is not estopped unless his conduct has been such as to mislead defendant sheriff to his prejudice. Eickelberg v. Soper, 1 S. D. 563, 47 N. W. 953; Bon Homme Co. Bank v. Dakota

Nat. Bank, 50 S. D. 191, 208 N. W. 825. Unless the failure of the plaintiff to protest when he received the partial redemption payment or his failure to bring action within the additional redemption period was prejudicial, there can be no estoppel.

█ █ Under the provisions of section 2887, as construed by the case of Wagner v. Abrahams, 40 S. D. 575, 168 N. W. 762, 763, payment to and acceptance by a sheriff of an amount less than that required by statute as a condition for extension of the redemption period, the statutory certificate having issued, effectuates an extension. In that case it was the contention of the holder of the certificate of sale that the right to redeem from the foreclosure of the mortgage after the expiration of the year was terminated by failure of the redemptioner to make payment of the amount required by statute as a condition for an extension of the redemption period. This court in that case said: "It will be noted that section 646 [section 2887, Rev.Code 1919] makes the sheriff's certificate 'conclusive proof of such payment.' And 'such payment' means the amount requisite under the provisions of the statute to extend the period of redemption. Under this provision of the statute, it is the duty of the sheriff to compute the interest and determine the correct amount necessary to procure the extension; and it is to the sheriff and not to the redemptioner that the holder of the sheriff's certificate of sale must look for his money. It would be a manifest injustice to the redemptioner to permit the sheriff to accept a certain sum as sufficient to procure an extension and to issue the certificate mentioned in section 646, and then, after the period of redemption and the right of securing an extension had expired, hold that the amount paid was too small, and in that way deprive the mortgagor of his right to redeem. To do this would work a fraud upon the redemptioner. It was to prevent just such a situation as this that the provision making the sheriff's certificate conclusive proof of payment was inserted into section 646." The holding was reaffirmed on rehearing. Id., 41 S. D. 450, 171 N. W. 202. The sheriff in the instant case issued the statutory certificate which in the absence of fraud was conclusive evidence of a payment requisite under the statute to extend the period of redemption. Plaintiff could not have taken a sheriff's deed within the year if he had refused to accept payment, and acceptance by the plaintiff of an amount less than he was entitled to receive without protest does

not appear to have caused defendant Johnson to have acted to his prejudice.

The judgment and order appealed from are reversed.

WARREN, P. J., and RUDOLPH, J., concur.

CAMPBELL, J. (dissenting).

Appellant, having foreclosed a mortgage upon realty owned by one Hyde, had bid in the property at foreclosure sale on April 12, 1930, and the year of redemption was about to expire. On April 11, 1931, there was in force in this state chapter 164, Laws 1927, providing that the time for redemption should be extended for one year if the proposing redemptioner at the expiration of one year from the date of sale should " * * * make the following payments, viz.: (1) All taxes due upon the land; (2) all interest due on the mortgage at the date of sale; (3) interest at 7 per cent for one year from date of sale upon the total amount sold for; (4) interest upon the principal of the mortgage for one year in advance at the rate of interest originally provided for in the mortgage before maturity; (5) all costs of foreclosure as set forth in the sheriff's affidavit of sale. * * * "

The law provided that such payment might be made either to the sheriff or to the holder of the certificate of sale. The mortgagor Hyde, apparently desirous of saving his property if possible, wished to avail himself of this privilege of extending the period of redemption for one year. For that purpose, on April 11, 1931, he paid to respondent Johnson (the then sheriff of Minnehaha county) the sum of $3,958.63 which embraced the following items:

Interest on mortgage at date of sale. . . . . . . . . . . . . . . . . . . . . . . . .$1,232.01
Interest for one year at 7% on the amount of sale. . . . . . .$1,400.00
Interest upon the principal of the mortgage for one year
    in advance  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$1,260.00
Costs of foreclosure sale  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$   66.62

       Total  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$3,958.63

On or before said date, the mortgagor had paid the first half of the 1930 taxes on the premises in question. By virtue of the law then in force, the first half of the 1930 taxes could be paid without penalty or interest on or before April 30, 1931, and if so paid, then the second half of the 1930 taxes could be paid without penalty or

interest on or before October 31, 1931. Hyde had not paid the second half of the 1930 taxes.

It may be noted incidentally that the rental value of the property in question was found by the trial court (which finding stands entirely unquestioned) to be $1,800 per year. To retain possession of this property and extend the period of redemption for a year, the mortgagor Hyde paid the first half of the 1930 taxes amounting to about $280, and in addition paid to the sheriff, as above set out, the sum of $3,958.63, being appreciably more than twice the annual rental of the property. The sheriff executed and delivered to Hyde a certificate that the period of redemption had been extended for one year, and paid over the money he had received to appellant's attorney, who in turn paid it over to appellant. Neither appellant nor his attorney ever made any objection of any kind with reference to the amount collected by the sheriff and paid to appellant until the present action was commenced in May, 1933, seeking to recover from the sheriff and his surety the sum of $284.75, being the amount of the second installment of the 1930 taxes, upon the theory that before issuing the certificate of extension to the mortgagor Hyde the sheriff should have collected that additional sum from Hyde, or at least should have seen that it was paid to the county treasurer. The trial court held that there could be no recovery.

The statutes of this state in force at the time the mortgagor undertook to extend the period of redemption included chapter 87, Laws 1925, which provided in substance that taxes should become delinquent and draw interest and penalty on May 1st of each year and that if any person paid one half of his taxes before April 30th the remaining half should not become delinquent until November 1st next following. The mortgagor having paid the first half of the 1930 taxes before April 30, 1930, there were no taxes delinquent against the property, and I am by no means entirely convinced that under those circumstances the second half of the 1930 taxes were "due" in the sense in which that word is used in chapter 164, Laws 1927, hereinbefore quoted, notwithstanding the broad general provision of section 6758, Rev. Code 1919, to the effect that taxes "shall become due on the first day of January of the year following that in which such taxes are assessed." In any event I do not believe we need to determine that question in this case.

If the second installment of the 1930 tax was "due" within the contemplation of chapter 164, Laws 1927, then the mortgagor should have included the amount thereof in his payment in order to secure his year's extension. The situation seems to me to amount in essence to a case of tender and acceptance. When the mortgagor went to the sheriff and offered him $3,958.63 and asked for the certificate of extension, his conduct amounted to a tender of all sums of every kind and nature which the law required him to pay in order to secure the extension. So far as the sheriff was concerned, he accepted the tender. He immediately transmitted the money to appellant's attorney and it went thence to appellant. All parties were chargeable with knowledge of the condition of the tax payments as shown by the public records. All parties were equally chargeable with knowing what payments the law required the mortgagor to make. All parties were presumably competent to make their own computation. It does not seem to me material whether the sheriff was the agent of appellant to accept the tender of the mortgagor (as was perhaps suggested in Walters v. Roberts [1926] 50 S. D. 65, 208 N. W. 163) or whether he was the agent of the mortgagor to transmit his tender to the appellant or whether (as seems to me more probably the case) he was merely a statutory intermediary between the parties and in no strict sense an agent of either. In any event the money of the mortgagor came presently to the hands of appellant. When appellant received it, he was chargeable with knowledge that it was tendered to him as the amount which the law required the mortgagor to pay and the sheriff to collect for the year's extension. Undoubtedly appellant thereupon had a reasonable time to determine whether or not the amount was correct and to make any objections which he might have. Appellant retained the money and neither he nor his attorney made any objections whatsoever for more than two full years. It seems to me entirely unreasonable, under the circumstances of this case, to grant the appellant two years to make up his mind whether or not he had been adequately compensated and the law complied with, with reference to this extension. I think that long before the expiration of two years, appellant should have been deemed as a matter of law to have accepted the tax payment made and the money transmitted to him as a compliance by the mortgagor and by the sheriff with the requirements of law with reference to this

extension, and I do not think appellant ought thereafter to be permitted to proceed against either the mortgagor or the sheriff on the ground that the payments made were insufficient. I believe that appellant's conduct amounts in substance to the acceptance of a tender, and consequently it should not be necessary at this time, in order to bar his action against either the sheriff or the mortgagor, to show that they or either of them have been misled to their detriment by his silence. I think therefore that the judgment below was right and should be affirmed, and consequently find myself compelled to dissent from the majority opinion herein.

POLLEY, J., concurs in the dissent.