

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

Gerald C. Mann

XXX~~WILIX XXDISON~~XXXX
ATTORNEY GENERAL

Honorable T. Gilbert Adams
County Attorney
Jasper County
Jasper, Texas

Opinion No. 0-5009
Re: Date taxes became delin-
quent under the split-pay-
ment plan as provided for
by S. B. No. 311, Acts
42nd Leg., R. S., P. 196

Dear Sir:

We received your letter dated December 7th, 1942, requesting our opinion on the above captioned subject. Said letter is self-explanatory and reads, in part, as follows:

"From what date are taxes construed to be delinquent under Senate Bill No. 311 when a taxpayer is paying his taxes under the split tax plan and pays the first payment before the 1st day of December and does not pay the other half before the 30th day of June of the following year. Would the tax be considered to be delinquent as of January 31st or as of July 1st? The date they would become delin-quent if no part of the taxes are paid before the 30th of June? The purpose of the request is to determine whether the road district tax for the year 1931 is barred by limitation on the 1st day of February or on the 1st day of July under this bill."

Article 7298, V. A. C. S., provides that no suit shall be brought for the collection of delinquent taxes of a road district unless instituted with-in ten years from the time such taxes became delinquent.

We quote from S. B. No. 311, supra, as follows:

"Sec. 2. That article 7336 of the Revised Civil Statutes, State of Texas (revision of 1925) be and the same is hereby amended so as hereafter to read as follows:

"'Article 7336: That if any person shall pay on or before November 30, next succeeding the return of the assessment rolls of the county to the Comptroller of Public Accounts one-half of the taxes imposed by law on him or his property, then he shall have until and including the 30th day of the succeeding June within which to pay the other one-half of his said taxes without penalty or interest thereon during said time.

"'If said taxpayer after paying said one-half of his taxes on or before November 30, as hereinbefore provided, shall fail or refuse to pay on or before June 30 next succeeding said November the other one-half of his said taxes, a penalty of ten per centum on the amount of said unpaid taxes shall accrue thereon.

"'If any person fails to pay one-half of the taxes imposed by law upon him or his property on or before the 30th day of November next succeeding the return of the assessment rolls of the county to the Comptroller of Public Accounts then unless he pays all of the taxes imposed by law on him or his property on or before the 31st day of the succeeding January a penalty of ten per centum on all of said taxes shall accrue thereon.

"' . . . .

"'All taxes affected by this article shall bear interest at the rate of six per centum from the date a penalty accrues thereon.

"' . . . .

"'The collector of taxes shall, as of the first day of July of each year for which any State and county taxes for the preceding year remain unpaid, make up a list of the lands and lots on which any taxes for such preceding years are delinquent, charging against the same all unpaid taxes and penalties assessed against the owner thereof.'"

In examining the legislative history of S. B. No. 311 supra, we find that the members of the House of Representatives offered several amendments with respect to the date taxes would become delinquent. In all of the proposed amendments, the delinquent date was clearly specified. The various dates were May 15th, August 1st and October 1st, all dates being in the succeeding year for which said taxes were levied and assessed. See House Journal, 42nd Leg., R. S., pages 1255-1262.

The House adopted the De Wolfe amendment which provided that "after October 1st of the succeeding year for which said taxes were levied and assessed all taxes remaining unpaid on said date shall become delinquent and thereafter the

amount then due shall bear and be subject to a 10% penalty and costs . . ."
House Journal, supra, p. 1668.

The Senate refused to concur in the House amendment and S. B. No. 311 was sent to a Free Conference Committee. A compromise bill was reported out and was adopted by both, the Senate and House.

S. B. No. 311 as finally passed by the 42nd Legislature does not specifically state in the body thereof the date when the taxes become delinquent. However, the caption of said bill says that it was enacted to provide "the time when taxes shall become due, and when they become delinquent . . ."

The legislative history of S. B. No. 311 indicates to us that the Legislature intended to give the tax payer more time to pay his taxes without them becoming delinquent and without the accural of penalties and interest thereon that the law had theretofore allowed. Article 7336, R. C. S., the law that existed prior to the passage of said S. B. 311, required that taxes had to be paid on or before January 31st of the year next succeeding the return of the assessment rolls of the county to the Comptroller to escape penalties and interest.

It is clear from S. B. No. 311, supra, that no penalty or interest attached until July 1st on the last one-half of the taxes when the first one-half had been paid on or before the preceeding November 30th. This in itself has been held to be the time when taxes become delinquent. See Norton v. Choctaw, 86, p. 287, Tallman v. Board of Commissioners, 49 S. W. (2d) 1039 (Supreme Court of Arkansas).

It is our opinion that the last one-half of the taxes mentioned in your letter became delinquent on July 1st, 1932, within the meaning of S. B. 311, supra, and Article 7298, supra.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Lee Shoptaw_

Lee Shoptaw
Assistant

LS/lm

APPROVED JAN 13, 1943

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

Approved
Opinion
Committee
By_BWB._
Chairman